**HARRY S. MORRIS and DOROTHY MORRIS, his wife, v. KNOX CORPORATION, a Florida corporation, CLAIRE HOTEL COR-PORATION, a Florida corporation; MAURICE POLLACK; and ABRAHAM TITTLEMAN.**

13 So. (2nd) 914                     June Term, 1943
June 8, 1943                         Division B

*Vincent C. Giblin, Meyer, Davis & Weiss* and *Darrey A. Davis,* for the appellants.

*Henry D. Williams,* for the appellees.

SEBRING, J.:

S. H. Morris and Dorothy Morris, his wife, are the owners of certain real property in Miami Beach, Florida. On April 15, 1940 they executed a 99 year lease of the premises to Warsaw Corporation. The lease was made assignable, it being stipulated that upon assignment the assignee should succeed to all rights and obligations of the original lessee.

On August 24, 1940 the Warsaw Corporation assigned the lease to Knox Corporation. Thereafter, pursuant to the

terms of the lease, Knox Corporation constructed a modern building on the premises for use as a hotel. As an aid to financing the construction of the building, and in conformance with the terms of the lease, the lessors and Knox Corporation gave a mortgage encumbering not only the leasehold interest of the lessee but the fee-simple title of the lessors.

There is some difference of opinion between the parties as to the proper construction to be placed upon certain provisions of the lease; particularly those provisions dealing with the payment of rents, taxes, and other charges, and the conditions which give rise to an action for a breach of covenant on the part of the lessee. The instrument is certainly not a model of clarity, but as we construe its terms it required the lessee to pay the sum of $3,000 annually in advance, as rental for the property. As an additional consideration for the use of the premises the lessee was required to pay all taxes thereon becoming due and payable during the term, at least 30 days before they should become delinquent. The lessees likewise covenanted to discharge the mortgage payments when due; pay for all furniture to be purchased for the hotel operation, within a specified time; and keep the property fully insured. Upon failure to make any of the payments when due the lessors were authorized, at their option, to make the same; and the amounts thus paid, together with any rents becoming due, were to constitute a first lien on the leasehold interest, and all improvements thereon, subject only to the paramount lien of the outstanding mortgage, and the special property interest of the conditional seller in and to the furniture.

Failure on the part of the lessee to keep, abide by and perform the terms of the lease was to be deemed a breach thereof entitling the lessors at their option to bring foreclosure proceedings for amounts due, or to institute a suit for cancellation and termination of the lease, or to resort to such other appropriate legal procedure as they might be advised.

Section XVI of the lease provided, in essence, that if a breach should consist in the non-payment of rents the lessors, at their option and without notice to the lessee, might treat the lease as being in *actionable* default, 30 days after the

date for the payment thereof. For defaults other than failure to pay rents, 30 days written notice to the lessee was required before the breach could be treated as actionable.

On April 30, 1942 the lessors paid off certain taxes against the property, which it was the duty of the Knox Corporation to pay and which had become 30 days delinquent. At the same time the lessors also paid to the holder of the construction mortgage the sum of $1350 for mortgage installments due and to become due and payable by the lessee for the months of March, April and May, 1942. No written notice was ever given by the lessors to the lessee or its assignee, Knox Corporation, that the failure to pay the taxes or mortgage installments would be treated by the lessors as an actionable default.

On June 1, 1942 the annual rent for the next ensuing year became due and payable in advance. This was not paid on that date, but seven days later the Knox Corporation tendered the sum of $3,000 for such rent to the lessors. Morris and wife refused to accept the sum tendered because it did not also include the amounts theretofore paid or advanced by the lessors for taxes and mortgage installments.

On June 24, 1942 the lessors instituted this suit to foreclose the lease for the amounts due and owing for rent, taxes, and mortgage, and for attorneys' fees and costs, as provided by the lease agreement. In due course Knox Corporation filed its answer setting up the tender of the $3,000 prior to the suit, and alleging that as to its failure to pay taxes and amounts due on the mortgage, no 30-day written notice had ever been given by the lessors that they had elected to treat the failure to make such payments as an actionable default. With the answer the lessee brought the $3,000 into court to abide the outcome of the suit.

Testimony was taken on the issues made by the pleadings. At final hearing the chancellor dismissed the suit as being prematurely brought. This appeal is from that decree.

There can be no question but that the failure of the Knox Corporation to pay the rents when due, and to discharge taxes and mortgage installments within the times stipulated, constituted breaches of the covenants of the lease. But it does

not follow that because of these defaults the lessors were entitled to institute suit for recovery when they did. The lease specifically gave Knox Corporation a grace period of 30 days after the rent became due to make the payment, and it required a 30-day *written* notice from the lessors specifying breaches and an opportunity to cure the same, before defaults in taxes and mortgage installments could be treated as actionable. Until such times elapsed and such conditions were fully complied with, no legal basis existed for the institution of suit. Jones on Mortgages, 8th Ed. Secs. 1500, 1505; 13 C.J. Sec. 741, p. 660; 17 C.J.S. Contracts Sec. 478, 35 C.J. Sec. 248, p. 1075.

The record shows that not only was a tender of rents made to the lessors within 30 days from the time the payment became due and that the tender was thereafter kept good by bringing the money into court; (Kreiss Potassium Phosphate Co. v. Knight, 90 Fla. 1004, 124 So. 751) but what is more to the point, suit was instituted within a 30-day period thereafter, not only for recovery of the rents but also for taxes and mortgage installments, as to which no written notice had ever been given to the Knox Corporation.

The suit, therefore, was prematurely brought; and on this point the decree of the lower court must be affirmed.

It is so ordered.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.