84 So.2d 325 (1955)
6701 REALTY, Inc., a Florida corporation, Appellant,
v.
DEAUVILLE ENTERPRISES, Inc., a Florida Corporation, and Deauville Realty Co., Inc., a Delaware Corporation, Appellees.
Supreme Court of Florida. Special Division B.
December 20, 1955.
Rehearing Denied January 23, 1956.
*326 Sibley & Davis, Marion E. Sibley and Milton E. Grusmark, Miami Beach, for appellant.
Williams, Solomon & Katz, Miami, for appellees.
THORNAL, Justice.
Appellant, defendant below, appeals from a decree appointing a receiver and terminating a lease pursuant to a complaint filed by the appellees. Appellees, as lessors, executed to appellant, as lessee, a ten-year lease which included the following provisions:
"The Lessee upon the execution of this lease will forthwith deposit with the Lessor $115,000.00 in cash, certified or cashier's check, which the Lessor will hold as security for the performance by the Lessee of its covenants and agreements hereunder, as well as for the payment of rent, and unless paid to Deauville Realty as part payment of the purchase price upon the exercise of the option to purchase hereinafter recited or to remedy any prior default of the Lessee prior to the end of the term, the Lessor will apply said $115,000.00 or any unapplied portion thereof to the payment of the rent for the last year of the term. The Lessor will pay to the Lessee interest at the rate of two per cent (2%) per annum from the date of said deposit by the Lessee on the unapplied portion of said deposit annually. The payment of said interest and the proper application of the said $115,000.00 deposit shall be secured by a mortgage of the leasehold of Deauville Enterprises, Inc. under a lease dated June 14, 1935, by and between Thomas Manor, Inc. as Lessor, and Garden Suburbs Golf & Country Club, Inc., as Lessee, now assigned to Deauville Enterprises, Inc., and a second mortgage in the sum of at least $115,000.00 of the fee of Deauville Realty in the premises hereunder demised unless the title of Deauville Realty is divested, both of which mortgages shall be given to a nominee satisfactory to the Lessor and Lessee, subject only to the existing first mortgage covering the fee and the said leasehold.

*327 * * * * * *
"XXIX. Forfeiture. If the Lessee shall neglect or fail to perform or observe any of the covenants contained herein and on the Lessee's part to be performed or observed, or if the Lessee's estate created by this lease is taken by execution, or by any other process of law, then the Lessor lawfully may, immediately or at any time thereafter, if said defaults are not remedied within the grace period heretofore allowed, give the Lessee notice terminating said lease, or without demand or notice, enter into and upon the demised premises or any part thereof, and repossess the same and expel the Lessee and those claiming through or under it, and remove their efforts, forcibly if necessary, without being guilty of any manner of trespass and without any prejudice to any remedies which might otherwise be used for arrears of rent or preceding breach of covenant, and upon such entry, this lease shall determine; in case of such termination the Lessee will, at the election of the Lessor, either (a) pay to the Lessor the rent and other payments provided in the same installments equal to the difference between the rent and other payments provided in this lease, and the sums actually received by the Lessor as liquidated damages for the unexpired term; or (b) pay to the lessor as liquidated damages, a sum which at the time of such termination, represents the difference between the rental value of the demised premises and the rent and other payments provided in this lease for the residue of the terms or (c) indemnify the said Lessor against loss of rent and other payments provided in this lease from the time of such termination during the residue of the term."
On May 8, 1953, appellees filed a complaint alleging default in payment of certain monthly deposits to cover anticipated taxes, the failure to pay insurance premiums in substantial amounts, default of rent payment due April 1, 1953, and further alleging waste, failure to repair as required by the lease, internal strife within the corporation and depletion of assets by the stockholders in favor of themselves personally. On May 20, 1953, the Court appointed a receiver on the basis of the sworn complaint, the defendant agreeing that the matter be heard on the complaint without testimony, and without an answer or motion attacking the sufficiency of the complaint. Subsequently an answer and motion to dismiss were filed and testimony was taken. On October 19, 1953, an order was entered dismissing the complaint on the ground that it was a bill for declaratory decree and merely sought legal advice from the Chancellor as to which of several courses of action might be available to the plaintiffs under the lease. Leave was granted to amend the complaint but the receiver was not disturbed.
On November 18, 1953, the appellees notified appellant that they were electing to terminate the lease under the provision above quoted and on November 23, 1953, amended complaint was filed seeking termination of the lease for the various defaults described in the original complaint. Thereupon the receiver was re-appointed and after an answer to the amended complaint was filed, more testimony was heard by the Chancellor and the final decree was entered, cancelling the lease and awarding possession to the lessor.
Appellant seeks reversal on the grounds that the notice of termination was not sufficient to end the tenancy because there was no re-entry by the lessor pursuant to the notice. Further, that the security fund described above should have been applied to the early defaults and thereby prevent an ouster prior to exhausting the entire deposit. Appellant further contends that the amended complaint constituted a departure from the original complaint and thus stated a new cause of action and, therefore, the motion to dismiss the amended bill of complaint should have been granted.
On cross assignment appellee seeks a ruling on the correctness of the order *328 sustaining the motion to dismiss the original complaint.
On the contention of the appellant that there was no termination of the lease without a re-entry, we must refer to the provisions of the lease itself. Under paragraph XXIX, quoted above, it should be noted that the lessor is authorized to bring the tenancy to a close by giving "the Lessee notice terminating said lease * * *" This phrase is followed by, and separated from the remainder of the clause by, the disjunctive "or", and it was, therefore, an alternative method of terminating the lease. In the instant case by the notice of November 18, 1953, the lessor gave to the lessee the required notice and thereby established a termination of the tenancy. While it is true that the lessor did not actually obtain physical possession until the entry of the final decree, nevertheless, the decree merely sustained and confirmed the ending of the tenancy brought about by the service of the notice.
A lease may be terminated either by statutory landlord and tenant proceedings or by compliance with stipulations incorporated in the written lease by the parties themselves. In this instance the lessor followed the latter procedure and was entitled to do so.
Appellant further contends that the "security deposit" described in the lease should have been applied pro tanto as defaults occurred and that, therefore, there could not have been any default until the security deposit was exhausted.
We do not understand this to be the nature of the deposit described in the lease before us. An examination of the provisions of the lease reveal that it was in the nature of a deposit of money to save the lessor against loss to the extent of the amount of the deposit upon the proper termination of the lease on the occurrence of a default. See Hyman v. Cohen, Fla. 1954, 73 So.2d 393. Under any different interpretation the security deposit could be of little value for the reason that the tenant could merely permit defaults to occur to the extent of the amount of the deposit and then remain on the premises and leave the landlord without the security of the deposit obviously intended by the lease.
Finally, appellant contends that there was a departure from the original complaint by the amended complaint and that on this ground the amended complaint should have been dismissed. The original complaint sought a declaration of the rights of the lessor under the lease, the enforcement of such rights once declared and immediate appointment of a receiver. The amended complaint sought a termination of the lease, the appointment of a receiver and the adjudication of amounts due the lessor for the accrued defaults and damages for breach of the lease in accordance with its provisions.
Under rules previously announced by this Court, we do not consider that there was a fatal departure or such difference in the essential elements of the two complaints as to justify a dismissal of the amended complaint on the ground alleged. In Lopez v. Avery, Fla. 1953, 66 So.2d 689, 691, we held:
"The law is plain that where an amended pleading asserts rights or claims arising out of the same transaction, act, agreement or obligation on which the original pleading is founded, and the parties in interest and the essential elements of the controversy remain the same, the amendment will not be regarded as a new cause of action, and the amended pleading should not be dismissed on the ground that it constitutes a departure. Gibbs v. McCoy, 70 Fla. 245, 70 So. 86; Merchants & Bankers Guaranty Co. v. Downs, 128 Fla. 767, 175 So. 704; Atlantic Coast Line Railroad Co. v. Edenfield, Fla., 45 So.2d 204."
The record before us reveals that the testimony taken on the original complaint was used to support the amended complaint, supplemented by the notice to terminate. Actually, while in the nature of a bill for declaratory decree, the original complaint *329 was aimed at the same ultimate objective set forth in the amended complaint and granted by the final decree. We see no fatal departure.
On the cross assignment seeking a ruling on the correctness of the order sustaining the motion to dismiss the original complaint we find that the only purpose to be served by a ruling would be to approve the allowance to the landlord of rents during the receivership prior to the November 18, 1953, notice of termination. Although the order sustaining the motion to dismiss the original complaint probably should not have been granted for the reason that the complaint did contain sufficient equity to support the appointment of the receiver, nevertheless, the landlord-appellee, by the ultimate final decree, has received the same relief as if the original complaint had not been dismissed and, therefore, no harmful error has occurred.
Finding no error, the decree of the lower Court is affirmed.
DREW, C.J., and THOMAS and HOBSON, JJ., concur.