137 So.2d 870 (1962)
W. Frank JOYNER and Mary L. Joyner, Husband and Wife, Appellants,
v.
Dorothy C. ANDREWS, Appellee.
No. 2282.
District Court of Appeal of Florida. Second District.
February 21, 1962.
Grimes, Grimes & Goebel, Bradenton, for appellants.
*871 Warren M. Goodrich of Goodrich & Hampton, Bradenton, for appellee.
PER CURIAM.
Plaintiffs in the court below sought declaration of an easement over property owned by defendant. They advanced three alternative legal theories with respect to their asserted right to the easement: first, a common law way of necessity, second, a public easement by prescription, and third, a private easement by prescription. The chancellor at the conclusion of plaintiffs' case entered a decree for defendant on the first two issues. The cause then proceeded solely upon plaintiffs' claim that they had established a private easement by prescription. After all the testimony had been concluded, the chancellor found against plaintiffs on this issue, entering a final decree for defendant.
Plaintiffs' land, as well as a portion of that owned by defendant, is bounded on the northeast by the Manatee River. Plaintiffs' southeastern boundary is defendant's property, while the lands abutting on the south and west are owned by a third party. A public road, Huyler Boulevard, runs east and west to the south of plaintiffs' land. Lands of defendant and of the third party lie between Huyler Boulevard and plaintiffs' property, so that the only access of plaintiffs to Huyler Boulevard is by way of a small dirt road extending north and south along defendant's western property line and upon her land.
Under appeal point one, plaintiffs controvert the chancellor's holding that no right to a common law way of necessity had been established. The common law rule as to this has been clarified by section 704.01(1), Florida Statutes, F.S.A., which specifically recognizes and adopts it. Under it, a way of necessity is an implied grant existing when a person has heretofore or hereafter granted lands to which there is no accessible right of way except over his land. One requirement is unity of title from a common source other than the original grant from the state or the United States.
Passage of the named statutory section brought within its operation much of the applicable case law. General reference may be made to Guess v. Azar, Fla. 1952, 57 So.2d 443, including the court's comment upon the essential element of unity of title in order to establish a way of necessity. See also South Dade Farms v. B&L Farms Co., Fla. 1952, 62 So.2d 350, Kirma v. Norton, Fla.App. 1958, 102 So.2d 653; and Hunt v. Smith, 137 So.2d 232, an opinion of this court filed January 24, 1962, case no. 2323. Reference may further be made to the following general authorities; 17A Am.Jur., Easements, section 59, page 671; Thompson on Real Property, 1961 Replacement, Vol. 2, section 363, page 426; and 11 Fla.Jur., Easements and Licenses, section 23, page 244.
In the instant situation a predecessor in title of defendant held the fee of a small water front lot located entirely within what is now plaintiffs' land. The predecessor in title had received the land now belonging to defendant and the water front lot, respectively, through separate conveyances at different times during his life. Defendant herself had never owned the water front lot in question nor any other property currently held by plaintiffs. The water front lot is now a part of the property owned by plaintiffs, but at no point does it adjoin or share a common boundary with the land of defendant, being separated from it wholly by the bulk of the lands of plaintiffs.
It is our view that under the circumstances plaintiffs have failed to establish unity of title or implied grant to the degree which would support a common law way of necessity under section 704.01(1).
With respect to a public easement by prescription, the chancellor entered decision in favor of defendant at the close of plaintiffs' evidence. Plaintiffs assert under *872 their appeal point two that their evidence was not clothed by the chancellor with the favorable inferences to which it was entitled. The third and final appeal point relates to private easement by prescription, ruled as non-existent by the chancellor at the close of all the evidence.
We first comment that the decision of the chancellor carries with it a presumption of correctness upon appellate review, since the evidence and the witnesses were before him. It devolves upon plaintiffs to demonstrate on appeal that his decision was clearly erroneous. Chase v. Cowart, Fla. 1958, 102 So.2d 147; Cowen v. Cowen, Fla. 1957, 95 So.2d 584; and Lynch v. Coppola, Fla.App. 1961, 129 So.2d 183.
Through a leading case dealing in part with easements by prescription, Downing v. Bird, Fla. 1958, 100 So.2d 57, it is seen that such easements, by modern trend, are treated as being acquired by methods substantially similar to those by which title through adverse possession obtains, or by actual, continuous, uninterrupted use by the claimant of the lands of another for a prescribed period. The use is required to be adverse under claim of right, and that use must be either with the knowledge of the owner or must be so open, notorious, and visible that knowledge of the use by and adverse claim of the claimant is imputed to the owner. The court commented that acquisition of rights by one in the lands of another because of possession or use is not favored in the law and will be restricted and that any doubts as to the creation of the right must be resolved in favor of the owner. The principles set forth in the Downing case were reiterated in the case of Hunt Land Holding Company v. Schramm, Fla.App. 1960, 121 So.2d 697. See also Florida Power Corporation v. McNeely, Fla.App. 1960, 125 So.2d 311.
The facts of the case before this court do not demonstrate that plaintiffs have established the adverse use under claim of right by clear and positive proof consonant with their burden. When the presumption of correctness of the chancellor's decision is viewed, along with the burden with which plaintiffs were charged, it is our belief that no reversible error has been shown. We are not concerned here with a statutory easement by way of necessity under section 704.01(2), which permits acquisition of an easement through the medium of compensation.
The decree is affirmed.
Affirmed.
SHANNON, C.J., and KANNER and WHITE, JJ., concur.