PER CURIAM.
Defendant John Widmeyer seeks reversal of a decree ordering him to return to plaintiff Pearl M. Olds the major portion of a $4200.00 deposit which the latter had delivered to said defendant in connection with an alleged unconsummated lease transaction.
Specifically the suit of Pearl Olds was for a declaratory decree determining whether or not she had effectively contracted to lease from the defendant the Pink Flamingo Motel, Pompano Beach, Florida. The chancellor concluded that the parties had not entered into a binding agreement for the lease of the subject premises. Accordingly by “final decree” of January 30, 1961 the defendant was ordered to return to the plaintiff the amount of the deposit, viz., $4200.00 less $135.00 expenses. These expenses were composed of $35.00 cost of preparation of proposed lease and $100.00 paid by the defendant to the motel manager.
The defendant asserts on appeal that during a hearing held December 8, 1960 the chancellor made a statement to the effect that a valid agreement to lease had been reached by the parties. Previously however, on November 15, 1960 the chancellor had entered a formal order labeled “final decree” finding that the parties had not proceeded beyond the stage of negotiation at the time the plaintiff called off the proposed lease and requested return of the *826 deposit. This previous order purportedly retained jurisdiction of the cause to determine “damages,” if any, sustained by the defendant. At the later hearing on December 8, 1960 the defendant adduced testimony relating to his operation of the motel following the plaintiff’s demand for restitution. Thereafter on January 30, 1961, as previously noted, the chancellor entered his ultimate order likewise labeled “final decree” again holding that there was no binding agreement and ordering return of the deposit as aforesaid. This latter order is the decree here under attack.
We incline to the view that the chancellor’s unappealed order of November 15, 1960 made a final determination that there was no binding contractual relationship between the parties; but even if such earlier order were not the final decree for the purpose of appeal on that principal issue, we still would not be in position to disturb the decree of January 30, 1961 from which this appeal was taken. Testimony at the hearing in November 1960 was not sent up in the transcript of record, and we are not authorized to consider and resolve assigned error where the record is thus deficient. See Joyner v. Andrews, Fla.App. 1962, 137 So.2d 870, 872; Brown v. Householder, Fla.App.1961, 134 So.2d 801; Gross v. Gross, Fla.App.1961, 131 So.2d 487; also Lightsee v. First National Bank of Melbourne, Fla.App.1961, 132 So.2d 776, cert. denied, Fla.1962, 138 So.2d 334.
The defendant further complains that the decree, in allowing only $135.00 credit against the deposit, failed to apply the correct measure of damages. Strictly, since the chancellor held that no binding agreement to lease was established, there was no basis upon which damages as such could be awarded. The allowance of these expenses was, however, an equitable ministration properly within the discretionary power of the chancellor.
Affirmed.
ALLEN, Acting C. J., and SMITH, J., concur.
WHITE, J., dissents.