145 So.2d 527 (1962)
STUCO CORP., an Illinois Corporation, Authorized to Do Business in the State of Florida, Appellant,
v.
Morris GATES and Anna Gates, As Trustees of Seminole Beach Land Trust, Appellees.
No. 2876.
District Court of Appeal of Florida. Second District.
September 19, 1962.
Rehearing Denied October 24, 1962.
*528 Harry H. Teitelman, of Beigel, Teitelman & Albert, Miami, for appellant.
Crouch & Ward, Hallandale, for appellees.
WHITE, Judge.
The Stuco Corporation, plaintiff below, appeals a final decree by which the Chancellor, upon final hearing, dismissed with prejudice the complaint seeking declaratory relief and a money judgment. Essentially the relief sought was the total or partial return to the plaintiff corporation of a sum held by the defendants as a security deposit for rent.
The plaintiff corporation had leased from the defendants property known as Gates Riviera Motel for a period of ten years from December 15, 1957. In accordance with the terms of the lease the plaintiff deposited $60,000.00 with the defendants as security for faithful performance of the lease covenants. The plaintiff-lessee failed to pay a $45,000.00 rent installment due May *529 15, 1958, thus breaching and prematurely terminating the lease. The defendant lessors thereupon instituted eviction proceedings resulting in a final judgment of eviction by default.
The plaintiff thereafter, having suffered judgment of eviction as aforesaid, brought suit in the Circuit Court for Dade County, Florida, praying that the security deposit of $60,000.00 be decreed a penalty returnable in whole or in such proportionate part as the court found justly due the plaintiff. A motion to dismiss for improper venue was denied but the order of denial was reversed on appeal.[1] The plaintiff then brought the instant suit in the Circuit Court for Broward County seeking the same relief on the identical facts.
On June 30, 1960 Judge Lamar Warren entered what we conceive to be an interim order pretrial and interlocutory in nature, ruling that the plaintiff's deposit was not for liquidated damages. The record does not disclose any motion or petition or notice of hearing pursuant to which such order was entered. Thereafter several motions were filed and an order was entered by Judge Warren permitting the parties to amend the pleadings, and the cause apparently was transferred to Judge Geo. W. Tedder, Jr., of the same circuit. The record does not disclose the circumstances of the transfer, there appearing no formal order with respect to reassignment of the case. The amended answer set forth a list of special damages, including waste, allegedly sustained by the defendant lessors. On final hearing Judge Tedder dismissed the complaint with prejudice and entered final decree for the defendants. The decree reads in pertinent part as follows:
"1. That the Plaintiff breached the lease in failing to pay the rental installment due the Defendants on May 15, 1958, in the amount of Forty-five Thousand Five Hundred and no/100 ($45,500.00) Dollars and that the Defendants have been guilty of no inequitable conduct.
"2. That the lease agreement dated November 25, 1957, entered into between the parties contains the following language on page 2 thereof:
"`* * * This deposit shall not be refundable in whole or part until the expiration of this Lease at the end of its term, the forfeiture thereof at an earlier date, or a premature termination thereof by mutual agreement of the parties; nor shall it be considered as liquidated damages in the event of Lessee's breach of any of its covenants hereunder, Lessors reserving the right to withhold only so much of this deposit as is truly representative of actual damages suffered by them on account of such breach; provided that in the event of a forfeiture at any time during the first nine years of this Lease, actual damages shall be fixed at a minimum of NINETY THOUSAND DOLLARS ($90,000.00) in lieu of Lessors' receipt of rent for the balance of the Lease. * * *' (Emphasis supplied) [by chancellor]
In determining whether the language used by the parties was a bona fide attempt to liquidate their damages, it is incumbent on this Court to determine the intention of the parties at the time the lease was executed, see Hyman vs. Cohen, [Fla.] 73 So.2d 393, and not at the time of the breach. On this question the evidence is unrebutted, since the testimony of the Defendant, ANNA GATES, corroborated by one of her witnesses, a Sylvia Joseph, established to the Court's satisfaction that the parties intended to liquidate their damages. This Court is of the further opinion that this finding is not inconsistent with nor does it do violence to the previous ruling of the Honorable Lamar Warren, who presided *530 prior to transfer of the cause to this Court's division. By Judge Warren's ruling, under date of June 3, 1960, it was determined that the provision for the deposit was not for liquidated damages, however, this ruling since it was entered without benefit of proofs, must be considered interlocutory in nature and therefore subject to a final determination after all the proofs were considered." (Emphasis added.)
The plaintiff's four points on appeal are to the effect that the chancellor erred in (1) admitting extrinsic evidence with respect to the intention of the parties, (2) finding that the deposit was for liquidated damages, (3) overruling another judge's order in the same case determining the deposit to be not liquidated damages, and (4) refusing to grant summary judgment for the plaintiff. We note, but without further discussion, the defendants' position that the plaintiff has not presented an adequate record on appeal to authorize a consideration of assigned errors.
We shall dispose briefly of the first and fourth enumerated points, leaving for consideration only the second and third points which present the determinative questions. Under Point 1 the plaintiff submits that it was error to receive in evidence the testimony of two witnesses as to the circumstances surrounding the execution of the lease, that this was contrary to the parol evidence rule. The contention is not well founded. The testimony in question did not purport to vary, alter or contradict the terms of the written lease; nor did it actually do so. A broad scope of inquiry is permissible in order to shed full light on the question of whether the deposit was intended as a penalty or as liquidated damages. This is especially true where the provision in the lease contract contains equivocal language as in this case. So much for Point 1. The ensuing discussion will incidentally dispose of Point 4 which suggests error in the court's refusal to grant plaintiff's motion for summary judgment.
The plaintiff urges under its Point 3 on appeal that the earlier order in the case was tantamount to a final adjudication of the status of the security deposit and that the chancellor erred in not adhering thereto and in declining to enter summary decree for the plaintiff. In Vaughn v. Smith, Fla. 1957, 96 So.2d 143, the Supreme Court of Florida commented as follows on Rules of Civil Procedure 1.16, 30 F.S.A.:
"* * * This rule serves to expedite litigation by simplifying the issues to be tried. The rule specifically provides that a pre-trial order shall control the subsequent course of the action unless modified at the trial to prevent manifest injustice." (Emphasis added.)
It is apparent from the instant decree that the chancellor did modify and, in effect, supersede the previous order to conform to his ultimate conclusion after a full hearing on the merits. This involved a mixed question of law and fact. This court among others has emphasized the proposition that the rules of procedure do not foreclose the authority of the trial court, while having continuing jurisdiction of a cause, to review its previous orders therein entered. Bergovoy v. Atlantic Electric, Inc., Fla.App. 1962, 140 So.2d 885, and cases there cited. We accordingly hold that the earlier order was not the immutable law of the case.
The decree under attack was expressly bottomed on Hyman v. Cohen, Fla. 1954, 73 So.2d 393, a similar case involving a security deposit for rent. The lease contract was breached by failure to pay rent. The Supreme Court of Florida held that the breach terminated the lease and necessitated a consideration of damages "not readily ascertainable," and affirmed the chancellor's holding that the deposit was liquidated damages. It was noted that the deposit was not excessively disproportionate to the immediate and estimated prospective damages likely to devolve upon the lessor. After discussing the rights of a defaulting *531 lessee to avoid forfeiture in equity under some circumstances, the court said at page 402:
"* * * [T]o hold that a provision for the forfeiture of a security deposit * * * upon the premature termination of the lease is presumptively a penalty is not only unrealistic  in our opinion, it does violence to the intent of the parties. We think the true rule is * * * `the sum thus to be retained is presumptively liquidated damages and not a penalty.'"
The presumption is dispelled, of course, if it is made to appear that the parties intended otherwise. Lewis v. Belknap, Fla. 1957, 96 So.2d 212; Hyman v. Cohen, supra. However, the presumption of liquidated damages is fortified when the deposit appears to be not excessively disproportionate to the damages. See 32 Am.Jur., Landlord and Tenant, § 543.
After using some equivocal language, the parties here agreed that in the event of a forfeiture within the first 9 years of the lease "actual damages shall be fixed at a minimum of NINETY THOUSAND DOLLARS * * *." The lease provided that the lessees were to deposit $60,000.00 at the time of its execution and $10,000.00 per year for the first three years in order to accumulate the entire $90,000.00. The annual rental for the 10 year term was $91,000.00. The special damages alleged by the defendants in their amended answer aggregated approximately $59,000.00. The chancellor decreed $60,000.00 "liquidated damages." It appears, on analysis, that the presumption is simply a guide or reasonable starting point for further inquiry as to intent. See and compare Lewis v. Belknap, Fla. 1957, 96 So.2d 212, supra; Young v. Cobbs, Fla. 1955, 83 So.2d 417; 6701 Realty v. Deauville Enterprises, Fla. 1955, 84 So.2d 325; Goldfarb v. Robertson, Fla. 1955, 82 So.2d 504; Hyman v. Cohen, supra.
It has been observed that in holding a forfeiture provision to be a stipulation for liquidated damages, the order should be based upon the provision that the actual damages would be uncertain or difficult to ascertain. The damages were, as in the Hyman case, in that category. In Hyman v. Cohen, supra, the Court said at page 401 of 73 So.2d:
"We know of no situation where the damages upon premature termination of a lease are less `readily ascertainable' than in the lease market in the Dade County area. Rentals on hotels and apartment houses in that area fluctuate not only from month to month and week to week, but even from day to day. It is impossible to say at the time of entering into a five-year lease agreement (which was the term of the instant lease) what the lease market will be at any given period during the life of the lease. If the lessee repudiates the lease, or the lessor is compelled to terminate it because of the default of the lessee, the lessor may be able to find a new tenant at a higher rental; or he may be forced to make a new lease at a much smaller rental. But we believe there is no way in which the parties can estimate, with reasonable certainty, what the lessor's damages will be in such case."
In Lewis v. Belknap, Fla. 1957, 96 So.2d 212, supra, the Florida Court reaffirmed the doctrine of the Hyman case and extended it to include executory contracts for the sale of realty. The opinion by Justice Drew states:
"We think the case decisive of the issue here is Hyman v. Cohen, Fla. 1954, 73 So.2d 393. A lease was involved in Hyman v. Cohen but the basic principles discussed are clearly applicable in this case. In that case we were dealing with the question of whether a security deposit under the provisions of the lease there involved constituted a penalty or liquidated damages. * *
* * * * * *

*532 "* * * These were mature people dealing with each other at arms length and we hold that under the circumstances of this case and the conditions under which the sum was deposited, that such amount when accepted by the sellers and brokers is presumptively liquidated damages and not a penalty and we affirm conclusions reached in Hyman v. Cohen, supra, in this respect and apply it to executory contracts for the purchase of real estate." (Emphasis added.)
See also Goldfarb v. Robertson, Fla. 1955, 82 So.2d 504, supra, and 6701 Realty v. Deauville Enterprises, Fla. 1955, 84 So.2d 325, supra.
As in Lewis v. Belknap, supra, the parties here were mature people dealing at arms' length and we hold, in view of the circumstances and the conditions under which the sum was deposited and accepted, that the deposit was presumptively liquidated damages and not a penalty. This presumption was not dispelled but was, in fact, confirmed by the evidence.
Affirmed.
SHANNON, C.J., and SAMPLE, WALLACE, Associate Judge, concur.

On Petition for Rehearing
PER CURIAM.
On petition for rehearing the appellant insists inter alia that this court misunderstood the facts in this cause. It is first maintained that the original order was entered pursuant to three motions argued at a hearing on May 3rd, 1960. The record on appeal contains no transcript of such arguments or of any objections raised at the hearing; nor does the record reflect the circumstances of the transfer of the case from Judge Lamar Warren to Judge George W. Tedder, Jr. The record further fails to disclose what occurred at the pretrial hearing before Judge Tedder entered his pretrial order of March 2nd, 1961.
We have held repeatedly that we are without authority in civil cases to consider and resolve assigned error where the record is deficient or where the testimony with reference to the order appealed is not sent up in the transcript of record. See Widmeyer v. Olds, Fla.App. 1962, 144 So.2d 825, 1962; Joyner v. Andrews, Fla.App. 1962, 137 So.2d 870; Brown v. Householder, Fla.App. 1961, 134 So.2d 801; Gross v. Gross, Fla.App. 1961, 131 So.2d 487. The petition for rehearing accordingly is denied.
SHANNON, C.J., WHITE, J., and SAMPLE, WALLACE, Associate Judge, concur.
NOTES
[1] Fla.App. 1959, 112 So.2d 36.