SCHWARTZ, Chief Judge.
The trial judge directed a verdict for the plaintiff landlord in a removal of tenant action tried before a jury on the sole ground that the appellant-lessee had breached a lease requirement that it maintain a $10,000,000 liability insurance policy. We reverse on the ground[1] that the existing record[2] presents a jury question as to whether the tenant was in compliance with Article VIII, Section 8 of the lease, which provides that
(3) If the Lessee shall not pay the rent herein reserved at the time and in the manner stated, or shall fail to keep and perform any other condition, stipulation or agreement herein contained on the part of the Lessee to be kept and performed, whether before or after the commencement date of the Lease, then, and in any of such events, the Lessor may, at its option, terminate and end this Lease and/or the right to cause this Lease to come into being.... Nothing contained herein or in this Lease shall be construed as constituting the Lessee in default hereunder, or under this Lease, unless and until the Lessor shall have given the Lessee written notice in the manner herein provided for the giving of notice specifying the nature of the alleged default; and, if the Lessee, within thirty (30) days after the giving of such notice in the event of the default is a failure to pay rent or within sixty (60) days after the giving of such notice if the default is for other than the failure to pay rent, cures the said default, the Lessee will not be deemed in default hereunder; otherwise, the Lessee will be in default. If the *1164 alleged default is other than the nonpayment of rent, and is of such a nature as reasonably to require more than sixty (60) days in its curing, then the Lessee will not be deemed in default herein, if, within said period of time, the Lessee commences taking reasonable steps to cure such default, and afterward carries its curing through to completion with reasonable promptness. [e.s.]
On this record, the reasonableness of the tenant's efforts to secure the coverage required and of the promptness of its doing so were clearly for the trier of fact to determine. See Folsom v. Hoffman, 100 Fla. 1369, 131 So. 318 (1930); State Farm Fire & Casualty Co. v. De Londono, 511 So.2d 604 (Fla. 3d DCA (1987); Bond v. Peabody Coal Co., 450 N.E.2d 542 (Ind.App.1983). The cause is remanded for a jury trial as to whether the tenant was in default of the insurance clause of the lease as measured by the requirements of Article VIII, Section 3.
Reversed and remanded.

. We reject the appellant’s alternative contention that the 60 day-plus cure period of Article VIII, Section 3 did not begin to run until a landlord letter of July 30, 1986, which would render the commencement of this action on August 8, 1986, premature. See Morris v. Knox Corp., 153 Fla. 130, 13 So.2d 914 (1943). To the contrary, we agree with the trial court that an earlier letter of May 21, 1986, gave sufficient notice of the "nature of the default" claimed so as to start the clock.
We likewise find without merit the claim that the appellee had waived the default by accepting advance payment of rent. See Farmers’ Bank & Trust Co. v. Palms Publishing Co., 86 Fla. 371, 98 So. 143 (1923); cf. Philpot v. Bouchelle, 411 So.2d 1341 (Fla. 1st DCA 1982). When the rent was paid in June, 1986, the 60 day period from May 21 was still running. No default which was subject to be waived was therefore then in existence.

. After both parties had rested at the conclusion of the trial at 9:00 a.m. on October 2, 1986, the defendant-tenant moved to reopen its case and for a recess until 10:00 a.m. in order to show that its efforts to purchase the insurance, which had been ongoing throughout the trial, had proved successful. Although it seems clear that the denial of these motions relating to evidence concerning the very issue in the case and which had allegedly been developed only during the proceedings themselves was an abuse of discretion, see Sobel v. Jefferson Stores, Inc., 459 So.2d 433 (Fla. 3d DCA 1984), we need not directly so hold because the new trial required by this opinion will necessarily concern all the pertinent circumstances including those which transpired on that day. (We observe that the defendant did not move for a continuance of the entire trial on the rather obvious ground that it should not be held while its efforts to obtain the insurance — which might constitute an absolute defense to the entire case — were still continuing. Cf. Florida Power & Light Co. v. Haycraft, 421 So.2d 674 (Fla. 1st DCA 1982).)