## RIVER BRIDGE CENTRE v STECCO etc.
### Case No. MC-88-21078-RB
County Court, Palm Beach County

February 9, 1989

### APPEARANCES OF COUNSEL

**James B. Putney,** Honigman Miller Schwartz and Cohn, for plaintiff.

**Paul M. Sullivan,** Sullivan and Nicoletti, for defendant.

### OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

### *FINAL JUDGMENT*

This case came before the Court for final hearing on eviction on January 25, 1989. Both sides were present and well represented by counsel. Each side has submitted memoranda addressing the narrow issue of law which controls this case.

By an extensive lease dated September 18, 1987, Defendant rents

certain space in Plaintiff's shopping center. Paragraph 23(d) of the lease defines one "event of default" as follows:

> Failure of Tenant to pay when due any installment of rent hereunder or any other sums herein required to be paid by Tenant.

Paragraph 24(a)(i) describes the rights of the landlord upon the tenant's default.

> If any Event of Default occurs, the Landlord shall have the right, at the option of the Landlord to terminate this Lease upon[1] thirty (30) days written notice to Tenant, and to thereupon reenter and take possession of the Leased Premises with or without legal process. If any Event of Default occurs, Landlord shall have the right, at its option, from time to time, without terminating this Lease, to reenter and re-let the Premises . . . as the agent and for the account of Tenant. . . .

Defendant's rent was delinquent at the beginning of December. Plaintiff served Defendant with a three day notice to pay rent or vacate the premises pursuant to section 83.20, Florida Statutes (1987). The sole issue in this case is whether that three day notice was sufficient or whether Plaintiff was obligated to give 30 days notice under the lease.

Plaintiff asserts that the three day notice is proper because it did not elect to "terminate" the lease but chose to file an eviction to "reenter and take possession" as the agent for Defendant. Plaintiff then argues that the statutory three day notice applies because the lease is silent as to notice when the landlord elects to reenter for the account of the tenant.

The lease specifically provides for 30 days written notice as a precondition to three types of defaults—1) the failure of the tenant to commence business within a certain time period, 2) the filing of a petition for bankruptcy and 3) the failure to pay an installment of rent. The longer notice periods are provided in those situations where the tenant would have an opportunity to cure. Those events of default where the parties negotiated for only three days notice involve situations where the tenant most likely would not need time to cure, such as the discontinuance of the tenant's business or the tenant's desertion of the premises. The plain language of the lease makes length of notice turn on the type of default at issue. It is a strained reading of the lease to assume that the 30 day notice period might by avoided by the

---

[1] At this point in the lease the following provision was inserted by interlineation:

(3) three day notice for default under paragraph 23(B), (E) & (F), and (30) thirty days written notice for default under paragraph 23(A)(C) & (D).

landlord's election of post eviction remedies. An express term of the lease would be nullified by implication.[2]

In support of its position, Plaintiff argues that terminating the lease and taking possession is wholly inconsistent with reentering and re-letting the premises for the account of the tenant, without terminating the lease. Although the lease uses such terminology, the argument misapprehends the state of Florida law. Where a tenant fails to pay rent when due, the landlord has the right to obtain possession of the premises. § 83.05(1) Fla. Stat. (1987). This statutory right of reentry is enforced through an action for possession or other civil action in which the right of possession is determined. § 83.05(2)(a), Fla. Stat. (1987). The effect of a civil action for possession is to terminate the lease. *see, 6701 Realty, Inc v Deauville Enterprises, Inc.,* 84 So.2d 325, 328 (Fla. 1955); *Geiger Mutual Agency v Wright,* 233 So.2d 444, 447 (Fla. 4th DCA 1970). Where a landlord terminates a lease and regains possession through a civil action, he still retains the right to recover damages for breach of the lease. *Babsdon Company v Thrifty Parking Company,* 149 So.2d 566 (Fla. 3d DCA 1963); *Hyman v Cohen,* 73 So.2d 393 (Fla. 1954). In such a case, one measure of damages for a tenant's breach is precisely what Plaintiff is seeking in the case at bar. Because termination of the lease is not inconsistent with reletting the premises for the account of the tenant, the latter option cannot be said to be a different remedy subject to a different notice provision. The reasonable interpretation of paragraph 24(a)(i) of the lease is that the landlord may bring an eviction action without terminating the Tenant's financial obligations under the lease.

Where a lease provides for a longer grace period than that called for by section 83.20, the landlord must observe that notice period prior to filing suit. *Morris v Knox,* 13 So.2d 914, 915 (Fla. 1943). Here, the applicable grace period was 30 days. Plaintiff failed to comply with this notice period and it is

ORDERED AND ADJUDGED that Plaintiff, RIVER BRIDGE CENTRE takes nothing by its action and that Defendant, LARRY STECCO d/b/a OLIVERIO'S PIZZA PARLOUR goes hence without day. The Court reserves jurisdiction over Defendant's counterclaim and any other postjudgment matter.

DONE AND ORDERED in West Palm Beach, Florida this 9th day of February, 1989.

---

[2] The notice time periods were inserted in the lease by interlineation. Under established rules of construction, such language would take precedence over conflicting language in the preprinted portion of the lease. Here, no conflicting language exists.