PER CURIAM.
Appellant, Coin Laundry Equipment Company, Inc., also known informally as CLEC Company, Inc., appeals a judgment entered against it for breach of a commercial lease. We reverse.
On March 20, 1986, appellees Gilbert and Johnson entered into a commercial lease agreement with appellant Coin Laundry Equipment Co., Inc., which provided that the leased premises be used to operate a coin laundry and dry cleaners. The lease, with an initial term of ten years, called for payments of $1,138.00 per month plus tax, and common area maintenance of $35.00. The parties contemplated, as evidenced by Addendum A of the lease agreement, that appellant would sell its interest under the lease to a third party, at which time appellant would no longer be responsible for its duties and obligations under the lease if the landlords/appellees accepted such third party as a tenant (with reasonable conditions imposed upon landlords’ acceptance of such third party).
On April 15, 1986, appellant Coin Laundry/CLEC Company, Inc., assigned its interest in the lease to a new corporate entity owned at least in part by different persons which also adopted the corporate name CLEC Company, Inc. (hereinafter CLEC # 2). In August of 1986, CLEC # 2 sold its interest in the laundry business to Four-S Enterprises, Inc., but appellees/lessors declined to release CLEC #2 from its obligations under the lease because of their dissatisfaction with the financial position of Four-S.[1] Appellees’ letter denying the release was mailed to appellant’s business address as indicated on the original lease. Despite the sale of the leasehold interest to Four-S, CLEC # 2, at some point, resumed operating the coin laundry/dry cleaning business, and did so through the early part of 1988, making rental payments to appel-lees/lessors through December 1987. After that time, no further payments were made under the lease. In January 1988, CLEC # 2 attempted to terminate the lease, alleging a violation of paragraph 22 of the lease, in which the contracting parties contemplated that Barnes Supermarket would be a tenant in the commercial shopping center. In early 1989, appellees took possession of the leased premises and attempted to operate a business there. In *927 the proceedings below, appellees sued appellant for breach of the lease agreement. As a result of a bench trial, the circuit court entered judgment for appellees which included an award for twelve rental payments for the period January, 1988 through December, 1988.
On appeal, appellant raises several issues, one of which merits discussion. Appellant asserts that the trial court erred in entering judgment for appellees/lessors in the absence of any evidence of notice to appellant of default as required in paragraph 31 of the lease agreement. Paragraph 31 provides in pertinent part:
31. The following events shall be deemed to be events of default by Tenant under this lease:
A. Tenant shall fail to pay any installment of the rent on the date that same is due and such failure shall continue for a period of thirty (30) days after written notice from Landlord.
Thus, the lease agreement establishes as a condition precedent to default for nonpayment of rent notice of nonpayment to the tenant.
The record before us is totally devoid of any evidence that appellant was provided with notice of nonpayment of rent as provided for by the lease agreement. In fact, the only testimony taken with respect to this point at trial establishes that appellant was not sent notice of default as required by the lease. As was held in Morris v. Knox Corporation, 153 Fla. 130, 13 So.2d 914 (1943), we hold that the present suit for breach of the lease agreement was brought prematurely. Therefore, the judgment entered below must be reversed without prejudice to appellees to file suit upon performance of all conditions precedent to the institution of suit.
REVERSED.
ZEHMER, MINER and WEBSTER, JJ., concur.

. Appellant does not argue that assignment of its interest in the lease to CLEC #2 released appellant from any liability for default under the lease. In fact, at the pleading stage appellant admitted appellees' allegation that defendant (appellant) sold its interest in the lease to Four-S Enterprises, Inc.