[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12837

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 15, 2012
JOHN LEY
CLERK

D. C. Docket No. 9:09-cv-81846-KLR

MAX ABECASSIS,
an individual,
NISSIM CORP.,
a Florida corporation,

Plaintiffs-Appellants,

versus

EUGENE M. CUMMINGS, P.C.,
an Illinois corporation,
JOSEPH M. VANEK,
an individual,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 15, 2012)

Before DUBINA, Chief Judge, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants Nissim Corporation and Max Abecassis (collectively "Nissim") appeal the dismissal of their complaint for failure to state a claim against Defendants-Appellees Joseph M. Vanek and Eugene M. Cummings, P.C. (collectively "Vanek and Cummings"). After reading the parties' briefs and having the benefit of oral argument, we affirm the judgment of dismissal.

## I.

In January 1998, Nissim retained Vanek and Cummings as counsel to "enhance, defend, and enforce" certain U.S. patents owned by Nissim. [Retainer Agreement, R.1 (Exh. A) at 1.] The parties entered into a Retainer Agreement in which Vanek and Cummings agreed to, *inter alia*, "[v]igorously defend to the extent meritorious and reasonable any challenges that may arise to the validity of the Intellectual Properties" and to "[t]ake such actions and conduct such negotiations and litigations as may be meritorious, reasonable, and necessary to secure Licensing Agreements with entities infringing the Intellectual Properties." *Id*. at 3. The term "Intellectual Properties" is defined in the Retainer Agreement to include, *inter alia*, U.S. Patent Nos. 5,434,678; 5,589,945; and 5,634,849.

The Retainer Agreement expressly provided that "CustomPlay" was outside its scope. CustomPlay was a product developed by Nissim, which "allows users to

2

customize individual viewing preferences for motion pictures and enables the skipping of objectionable content in response to such individualized content preferences." [Compl., R.1 (Exh. A) at 3.]  The Retainer Agreement provided that Vanek and Cummings "will not receive any portion of the revenues of CustomPlay or otherwise participate in CustomPlay and shall have no obligation to participate in any copyright or other litigation that may result as a consequence of the commercialization of CustomPlay." [Retainer Agreement, R.1 (Exh. A) at 3.]

In January 2000, Matthew and Lee Jarman contacted Nissim about obtaining licensing rights to CustomPlay.  Nissim sent Matthew and Lee Jarman information about CustomPlay, but the parties never entered into a licensing agreement.[1]  About a year later, the Jarmans formed ClearPlay, Inc. and began producing and distributing software that Nissim alleges infringed upon several of Nissim's patents.  On May 14, 2004, Nissim filed a patent infringement action against the Jarmans and ClearPlay, Inc. (collectively, "the Jarmans").  Specifically, Nissim alleged that the Jarmans infringed U.S. Patent Nos. 6,607,401; 5,724,472; 5,434,678; and 5,589,945.  The last two patents – U.S. Patent Nos. 5,434,678 and

---

[1]Nissim sent the Jarmans a demonstration version of the CustomPlay software.  The opening screen referenced several of Plaintiffs' patents, including U.S. Patent Nos. 5,434,678; 5,589,945; and 5,634,849.

5,589,945 – are "Intellectual Properties" as defined in Nissim's Retainer Agreement with Vanek and Cummings.

On June 23, 2004, the Jarmans answered Nissim's complaint in the ClearPlay litigation, denying any infringement and challenging the validity of Nissim's patents. After Vanek and Cummings declined to participate in this litigation with the Jarmans, Nissim hired John Carey as counsel.

On December 8, 2005, Nissim terminated its Retainer Agreement with Vanek and Cummings, citing grounds referred to in the agreement as "without cause" and also "for cause." Nissim identified the "for cause" reason for termination as being "based on Counsel's actions and inactions relating to the defense of the validity of the Intellectual Properties in the ClearPlay . . . litigation." [R. 1-2 (Exh. D) at 1.] Over three years later, on June 22, 2009, Nissim filed this suit against Vanek and Cummings, claiming breach of contract and fraud in the inducement and seeking a declaratory judgment. In response, Vanek and Cummings moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The district court dismissed Nissim's breach of contract and fraud in the inducement claims with prejudice. The district court also dismissed Nissim's declaratory judgment action with prejudice "insofar as it attempts to reargue" the breach of contract claim. The district court, however,

4

went on to dismiss that claim without prejudice "insofar as it seeks a declaration regarding entitlement to contingency fees on royalties from certain license agreements." *Abecassis v. Cummings, P.C.*, No. 09-81846 at *15–16 (S.D. Fla. June 2, 2010). The district court gave Nissim leave to amend the complaint within fifteen days of the date of the dismissal order to specify the relevant license agreements. Nissim did not file an amended complaint and now appeals the district court's order.

## II.

"We review the grant of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) *de novo*." *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 633 (11th Cir. 2010). In ruling on a 12(b)(6) motion, "[a] court may consider only the complaint itself and any documents referred to in the complaint which are central to the [plaintiff's] claims." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (citation omitted). "[T]he [c]ourt accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime,*

5

*Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)); *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) ("A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face.").

**III.**

Nissim contends that the district court erred in dismissing its breach of contract claim on statute of limitations grounds. Florida law provides a five-year statute of limitations on a claim for breach of contract. Fla. Stat. § 95.11(2)(b); *see also Collections, USA, Inc. v. City of Homestead*, 816 So. 2d 1225, 1227 n.2 (Fla. Dist. Ct. App. 2002). The limitations period begins to run at the time of the breach. *See* Fla. Stat. § 95.031(1) ("A cause of action accrues when the last element constituting the cause of action occurs."); *Technical Packaging, Inc. v. Hanchett*, 992 So. 2d 309, 313 (Fla. Dist. Ct. App. 2008) ("Florida case law consistently holds that a cause of action for breach of contract accrues and the limitations period commences at the time of the breach."). The plaintiff's knowledge of the breach is immaterial. *See Abbott Labs., Inc. v. Gen. Elec. Capital*, 765 So. 2d 737, 740 (Fla. Dist. Ct. App. 2000) ("[T]he limitation period in [Fla. Stat. §] 95.11(2)(b) is not tolled by the lack of discovery of a breach within the limitation period [,] . . . actions for breach of contract are barred five years

6

after the cause of action accrued regardless of whether the plaintiff knew that it had a claim.").

Nissim's complaint alleges that Vanek and Cummings committed breach of contract by failing to defend the validity of the Nissim patents and to advance litigation costs in the ClearPlay litigation. The district court concluded that the statute of limitations on Nissim's breach of contract claim began running on May 13, 2004, when Nissim initiated the ClearPlay litigation and hired Carey as counsel. The district court reasoned that filing suit against ClearPlay put at issue the patents' validity and triggered Vanek and Cummings' obligation to defend. Because Nissim did not file suit in this case until June 22, 2009, more than five years later, the district court determined that Nissim's breach of contract claim is time barred. Nissim contends that was error. It argues that the limitations period began running, at the earliest, on June 23, 2004, the date that the Jarmans answered Nissim's complaint and asserted an affirmative defense and counterclaim that alleged that Nissim's patents were invalid. By Nissim's calculation, its breach of contract claim was filed just inside the five-year limitations period.

We do not need to decide whether Nissim's breach of contract claim is barred by the statute of limitations. Even if the claim is timely, Nissim may not

7

recover as a matter of law because it did not comply with the Retainer Agreement's default clause. *See Morris v. Knox Corp.*, 13 So. 2d 914, 915 (Fla. 1943) (explaining that a plaintiff must comply with a contractual obligation to provide written notice of breach and opportunity to cure before defendant's breach becomes actionable); *Saunders Leasing Sys., Inc. v. Gulf Cent. Distrib. Ctr., Inc.*, 513 So. 2d 1303, 1307 (Fla. Dist. Ct. App. 1987) (reversing judgment on breach of contract claim where plaintiff failed to give defendant notice and an opportunity to cure as required by contract). Section 9.2 of the Retainer Agreement provides:

> In the event that Counsel fails to provide Services as stipulated herein; breaches any material term of this Agreement, or otherwise fails to perform under this Agreement, Client shall deliver notice thereof to Counsel and Counsel shall have thirty (30) days from receiving such notice to sure such failure. If the failure continues after such 30-day period, this Agreement shall be automatically terminated.

[Retainer Agreement, R.1 (Exh. A) at 6.] Nissim provided Vanek and Cummings with written notice of their alleged breach in a letter dated December 8, 2005.[2] The letter informed Vanek and Cummings that they were being terminated "for cause under Section 9.2 . . . based on Counsel's actions and inactions relating to the defense of the validity of the Intellectual Properties" in the ClearPlay litigation

---

[2]The December 8, 2005, letter was referenced in Nissim's complaint and attached as an exhibit. The district court, therefore, properly considered the letter in ruling on Vanek and Cummings' 12(b)(6) motion to dismiss. *See Wilchombe*, 555 F.3d at 959.

and specifically alleged that Vanek and Cummings violated Section 2.4 of the Retainer Agreement, which required them to: "[v]igorously defend to the extent meritorious and reasonable any challenges that may arise to the validity of the Intellectual Properties." [R.1-2 (Exh. D) at 1.] Nissim's notice of breach was inadequate because it was given roughly two weeks after Nissim settled the ClearPlay litigation. The thirty-day notice requirement in Section 9.2 was expressly intended to give Vanek and Cummings an opportunity to cure any default. Here, Vanek and Cummings were deprived of any opportunity to cure because they were not informed of their purported breach until cure became impossible.[3] Thus, Nissim's claim for breach of contract fails as a matter of law. *See Morris*, 13 So.2d at 915; *Saunders Leasing Sys., Inc.*, 513 So.2d at 1307.

## IV.

Nissim also challenges the district court's finding that its fraud in the inducement claim was time barred.[4] The statute of limitations for a fraud in the

---

[3]Nissim sent Vanek and Cummings a letter dated January 9, 2006, stating that they could cure by reimbursing Nissim for their defense costs in the ClearPlay litigation within 30 days. But under the terms of the contract, Vanek and Cummings' opportunity to cure had already expired on January 7, 2006, thirty-days after notification of breach. Nissim lacked authority to unilaterally extend the time for cure because the Retainer Agreement included a clause providing that: "This Agreement may not be modified, amended, rescinded, canceled or waived, in whole or in part, except by a written instrument signed by the Parties." [Retainer Agreement, R.1 (Exh. A) at 8-9.]

[4]To state a claim for fraud in the inducement under Florida law, a plaintiff must allege that:

9

inducement claim is four years. *Tyson v. Viacom, Inc.*, 890 So. 2d 1205, 1213 (Fla. Dist. Ct. App. 2005) (citing Fla. Stat. § 95.11(3)(j)). The claim accrues when "the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence." Fla. Stat. § 95.031(2)(a); *see also Hanna v. Beverly Enterprises-Florida*, 738 So. 2d 424, 425 (Fla. Dist. Ct. App. 1999) (reversing dismissal of fraud in the inducement claim as barred by the statute of limitations where trial court assumed that the cause of action accrued at the time the contract was signed).

The district court concluded that the statute of limitations on Nissim's fraud in the inducement claim commenced, at the latest, on June 23, 2004, and expired on June 23, 2008. Because Nissim did not file this action until June 22, 2009, the district court determined that Nissim's claim was time barred. The district court based its statute of limitations ruling on the allegations in the complaint that Vanek and Cummings refused to defend Nissim's patents when challenged by the ClearPlay defendants in their answer.

---

(a) the representor made a misrepresentation of a material fact; (b) the representor knew or should have known of the falsity of the statement; (c) the representor intended that the representation would induce another to rely and act on it; and (d) the plaintiff suffered injury in justifiable reliance on the representation.

*Joseph v. Liberty Nat'l Bank*, 873 So. 2d 384, 388 (Fla. Dist. Ct. App. 2004) (emphasis omitted).

10

We agree with the district court that Nissim's fraud in the inducement claim is barred by the statute of limitations. Nissim's fraud claim is based on Vanek and Cummings' representations concerning their willingness to defend challenges to the validity of Nissim's patents. The complaint alleges that Nissim hired John Carey to represent them in the ClearPlay litigation as a result of Vanek and Cummings' refusal to fulfill their defense obligation. The ClearPlay complaint, filed on May 13, 2004 and referenced in Nissim's complaint and attached as an exhibit, makes clear that Nissim retained Carey in 2004. Thus, based on the allegations in the complaint, Nissim was aware of Vanek and Cummings' purported fraud in 2004. Because Nissim did not file its complaint until June 2009, a period beyond the four year statute of limitations, its fraud in the inducement claim is time barred.

## V.

Finally, as to the claim for a declaratory judgment in Count III, we conclude from the record that the district court did not abuse its discretion in dismissing the count with leave to amend. The existence or nonexistence of some right, status, immunity, power or privilege must be shown to entitle the moving party to declaratory relief. *Fla. Hotel & Rest. Comm'n v. Marseilles Hotel Co.*, 84 So. 2d 567, 568 (Fla. 1956). Count III is an attempt to reargue the breach of contract

11

issue in Count I that was dismissed by the district court and affirmed *supra*. Accordingly, Count III must be dismissed. *See Colby v. Colby*, 120 So. 2d 797, 800 (Fla. Dist. Ct. App. 1960) (holding that "questions which have already been adjudicated by a court having jurisdiction of the subject matter and the parties cannot subsequently, between such parties and their privies, constitute a justiciable controversy within the meaning of declaratory judgment acts").

Count III also requests a declaration regarding Cumming's and Vanek's entitlement to contingency fees on certain royalties. Yet Nissim failed to plead sufficient facts to identify which of the scores of possible license agreements its claims addressed, details necessary to ascertain how the royalty stream is to be divided under the Agreement. Nissim decided not to cure this defect in its complaint but to appeal instead. That leaves us with little choice but to affirm the dismissal of this count as well.

For the aforementioned reasons, we affirm the judgment of dismissal.

**AFFIRMED.**