JOHN BAKER, *Plaintiff in Error*, v. CLIFFORD-MATHEW INVESTMENT COMPANY, a Corporation, *Defendant in Error*.

En Banc.

Opinion filed May 30, 1930.

1230

*George W. Bassett, Jr.,* for Plaintiff in Error;

*Lee Guest,* for Defendant in Error.

DAVIS, Commissioner:

The defendant in error filed its petition in the Circuit Court in and for St. Johns County, alleging that the plaintiff in error, unlawfully and against its consent, withheld from it certain real estate therein particularly described; and prayed restitution of possession and damages. The cause was heard before a jury; and at the conclusion of the testimony of the petitioner, the plaintiff in error made a motion that the court direct a verdict in his favor, which motion was denied; and thereupon, the petitioner moved the court for a directed verdict on its behalf, which motion was granted by the court. A verdict was rendered in accordance with the directions of the court, a motion for new trial was made by the plaintiff in error and denied by the court, and judgment was entered in favor of the defendant in error. The case is now here upon writ of error.

The plaintiff in error has assigned sixteen assignments of error, two of which are based respectively upon the granting of the motion for a directed verdict on behalf of the plaintiff and the ruling of the court denying the motion for a new trial.

It was developed in the trial that the plaintiff in error entered upon the premises under and by virtue of a lease which was executed by one J. A. Lew, as lessor, which said lease was to run for the term of eleven years from the first day of August, A. D. 1927, the lessee yielding and paying therefor the yearly rental of $3000.00 per year for the first

six years and $3600.00 per year for the last five years, $250.00 to be paid on the first day of each and every calendar month during the first six years, and $300.00 per month on the first day of each and every calendar month during the last five years.

It seems to us that the all-important question to be determined is: Does the evidence disclose that there was such a termination of the leasehold estate of the plaintiff in error that his holding of the premises will be deemed wrongful? The lease provides, among other things,

"That a substantial breach of any of the convenants or conditions of this lease shall render it voidable by Lessor, in which case, or in case default shall be made in the payment of the rental as aforesaid, then the said Lessee shall become a tenant at sufferance, the Lessor thereby having the right to immediately enter and take possession of said property without process of law, and may thereupon expel and remove said Lessee and any one claiming under him and his effects."

This instrument conveyed to the lessee a leasehold estate in said premises during the life of the lease which for all "practical purposes is equivalent to absolute ownership." Rogers v. Martin, 87 Fla. 204, 99 So. R. 551.

A tenancy for years terminates by the mere expiration of the period for which the premises are demised; and may sooner come to an end by the holder of the lease and the lessor entering into a good and sufficient agreement to that effect, by merger in a greater estate, or by forfeiture. It is not contended here that the period for which the property was leased has expired or that there has been a merger of the leasehold estate in a greater estate. Evidently the theory upon which defendant in error sought to obtain pos-

session of the premises was that by not paying the rent that was due on the first day of February, 1928, the plaintiff in error had forfeited his leasehold estate therein, and that thereafter he was but a tenant at sufferance.

"A tenancy at sufferance is said to exist where a person comes into possession of lands lawfully, and after his estate has ended holds over wrongfully." 18 A. & E. Enc. of Law, (2d. Ed.) 177. See also, 1 Underhill on Landlord and Tenant, 226; 35 C. J. 1134; 1 Tiffany Landlord & Tenant 151.

For us to hold that the plaintiff in error wrongfully held over or wrongfully retained possession of the land, we must also hold that his leasehold estate was duly forfeited because of his non-payment of rent when due and payable. If his rights under and by virtue of the lease were not, in the eye of the law, forfeited, then the estate created by the lease is not at an end and he was not, at the time of the filing of the petition herein, a tenant at sufferance; but was rightfully in possession of the property.

Forfeiture clauses are not favored in either law or equity (18 A. & E. Enc. Law (2d Ed.) 371), and in 1 Underhill on Landlord and Tenant, page 643, the author says:

"The rule seems firmly established by all the decisions both in England and America that however absolute and certain the words of forfeiture may be, even though they shall expressly declare the lease null and void or at an end, they will be always construed as meaning that it is voidable merely and this at the option of the lessor.

"Where the right to maintain an action to recover possession of the premises is based upon nonpayment of rent, a formal demand for payment must be made

therefor before the action is brought, unless the necessity therefor has been removed by statute, or unless the lease provides that the tenancy shall be determined without demand. Where a forfeiture has been waived, a demand must be made after a new breach. The requisites of a formal demand at common law are the making of a demand, by the landlord or his duly authorized agent, of the exact amount of rent due on the day it is due, at a convenient time before, and continuing actively or constructively until, sunset, at the most notorious place on the demised premises, except where the rent is made payable at some other place, in which case demand must be made there.'' 36 C. J. 608. To the same effect see: 2 Taylor's Landlord and Tenant (9th Ed.) 84; 2 Tiffany, Landlord and Tenant, 1377; 1 Underhill on Landlord and Tenant 633; Van Rensselaer v. Jewett, 2 N. Y. 141, 147.''

In Connor v. Bradley, 1 (How.) U. S. 217, 11 L. Ed. 105, it is said:

"It is a settled rule at the common law, that where a right of re-entry is claimed on the ground of forfeiture for nonpayment of rent, there must be proof of a demand of the precise sum due, at a convenient time before sunset on the day when the rent is due, upon the land, in the most notorious place of it, even though there be no person on the land to pay."

In a note appearing in 23 A. L. R. 883, the annotator says:

"The courts have adopted almost uniformly the rule that, to work a forfeiture of a lease for non-payment, the rent must be demanded on the leased

premises, unless, by the agreement of the parties, it is made payable elsewhere." See also Standard Live Stock Co. v. Pentz, 204 Cal. 618, 269 Pac. R. 645, 62 A. L. R. 1239; Farmer v. Pitts, 108 Neb. 9, 187 N. W. R. 95, 24 A. L. R. 719; 16 R. C. L. 1147, 1108, 1127.

In McLean v. Spratt, 20 Fla. 515, 522, where the defendant in an unlawful detention proceeding, held the premises in question from month to month with the right to thirty days' notice to quit, this Court, in an opinion by Mr. Chief Justice RANDALL, said in part:

"The neglect and refusal to pay the rent due *after demand* put an end to defendant's right of further occupancy under his contract." (Italics supplied.)

It therefore seems clear that unless there is a statute to the contrary, before a forfeiture clause for the non-payment of rent in a lease will be given effect, a legal demand for the amount due for rent must be made.

Section 5398 (3534) Comp. Gen. Laws of Florida, 1927, reads as follows:

"If any person leasing or re-renting any land or · house shall fail to pay the rent at the time it becomes due, the lessor may immediately thereafter enter and take possession of the property so leased or rented."

This section being in derogation of common law should be strictly construed. 18 A. & E. Enc. of Law (2d Ed.) 378. The Legislature, in enacting it, intended that it should be read into every contract calling for the payment . of rent though not set out in *haec verba*. We find authority in Section 5399 (3535) Comp. Gen. Laws of Florida, 1927,

for the removal of a delinquent tenant in the following cases:

"1. Where such person shall hold over and continue in the possession of the demised premises, or any part thereof, after the expiration of his time, without the permission of his landlord.

"2. Where such person shall hold over without permission as aforesaid after any default in the payment of rent pursuant to the agreement under which such premises are held, and three days' notice in writing, requiring the payment of such rent or the possession of the premises, shall have been served by the person entitled to such rent, on the person owing the same. The service of such notice shall be by delivery of a true copy thereof, or if such tenant be absent from his last or usual place of residence, by leaving a copy thereof at such place."

The procedure providing for enforcing the right given by said Section 5399 to the landlord is different from that resorted to in the instant case (See Section 5400, Comp. Gen. Laws of Florida, 1927). In this State we have no statute that expressly or impliedly does away with the necessity for making the demand for rent due that the common law requires of the landlord or lessor before he can make effective a forfeiture clause for the non-payment of rent in a lease or other contract for rent.

The only testimony in the record before us that has any bearing, even remotely upon a demand or request for the payment of rent was a statement of the lessor in response to the question: "Did he (plaintiff in error) pay it (rent) through anybody else?" The answer was, "I told him— I asked him for the rent before I broke the lease and he

told me that he didn't know who paid the rent.'' The lease does not contain a waiver of a demand for the payment of rent. It was therefore essential to the petitioner's case that such a demand as was required at common law be proved by competent evidence. 1 Underhill on Landlord and Tenant, Section 396, p. 633.

The proof fell far short of what is required to show a demand for the payment of rent due and payable and in consequence thereof a forfeiture of the rights of plaintiff in error was not established and a wrongful holding of the premises by him was not shown.

In view of the foregoing, it is unnecessary to discuss other assignments of error.

The judgment of the lower court is reversed and the cause is remanded for further proceedings in accordance with the views expressed herein.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the Court below should be, and the same is hereby, reversed and the cause remanded for appropriate proceedings.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM AND BUFORD, J. J., concur.

BROWN, J., dissents.