HENDRY, Chief Judge.
Appellee, as administrator of the estate of Marie Coppinger, deceased, filed a complaint against the appellant, as the assignee of a lease on certain real property, seeking arrearages in rent, advance rent, contribution to taxes and possession of the premises.
*396 The deceased leased to Tri-Boat Co., Inc., certain realty in Miami for a term of five years ending October 1, 1962. The term was extended to August 14, 1967 with an option to renew to August 14,1977. Annual rental was in the sum of $5,500 payable monthly in advance. Lessee agreed to pay one-half of the city and county taxes in any year in excess of $2,500.
' The lessor maintained a home on the leased property and the lease provided that if she removed herself permanently from the premises the rental would be $6,500 per year. In such event, the lessee agreed to advance to the lessor $5,500 to be applied against the last year’s rental to be used toward the purchase of a home for the lessor. The lessor died on July 27, 1963.
■^ On September 24, 1963, the appellant, as a prospective purchaser of the lessee’s interest requested and received a letter from the executor of the decedent’s estate designating the total amount of the rent due as of September 1, 1963.
The appellant purchased the lessee’s interest paying the full amount of rent due (which had been computed by the executor on a basis of $5,500 per year) and has thereafter continuously paid the monthly installment at the rate of $5,500 per year.
Subsequently, the executor was succeeded by the appellee, as administrator, who demanded that the appellant pay retroactively and thenceforth rental at the rate of $6,500 per year, as well as the sum of $5,500 to be applied against the rent for the last year of the term. Upon refusal of said demand, the present suit was instituted.
At the conclusion of a non-jury trial, the trial judge entered a final judgment in favor of the appellee which provided that the appellant: pay the sum of $1,833.26 for ar-rearages in rent due from October 1, 1963 through July 1, 1965 at the rate of $83.33 per month; pay the sum of $132.80 as a contribution toward taxes for the years of 1963 and 1964; pay the sum of $200 as attorney’s fees; and vacate the premises. The trial judge also found that the appellant was in default of the sum of $5,500 designated as advance rental to be applied toward the last year’s rent. However, judgment was not entered for that amount because the appellee was awarded possession of the premises.
We have carefully reviewed all of the appellant’s contentions and find them to be without merit except for the contention that a judgment ordering performance of the lease is inconsistent with a judgment for recovery of possession for non-performance. - ’
 It is the general rule that a lessor may, by accepting the benefits of a lease after its breach, be estopped from asserting a forfeiture because of that breach.[1] The appellant has continuously paid the monthly rent as it came due. As these payments were accepted under the lease, the lessor has waived the right to enforce a forfeiture of the lease for default in rent.
We have therefore determined that the trial judge erred in awarding possession of the premises to the appellee. In view of this holding, the trial judge may now enter judgment for $5,500 for appellee as advance rental to be applied toward the last year’s rent
Accordingly, the judgment appealed is affirmed in part, reversed in part and remanded with directions to enter an appropriate judgment in accordance with this opinion.
Affirmed in part, reversed in part and remanded.

. Farmer’s Bank & Trust Co. v. Palms Pub. Co., 86 Fla. 371, 98 So. 143 (1923); U. S. Properties, Inc. v. Marwin Corp., Fla.App.1960, 123 So.2d 371.