247 So.2d 795 (1971)
Nick MOSKOS, Appellant,
v.
Wilson B. HAND and Rena V. Hand, His Wife, Appellees.
No. 70-362.
District Court of Appeal of Florida, Fourth District.
May 14, 1971.
Ted P. Galatis of Galatis, Gorman & Feinstein, Fort Lauderdale, for appellant.
Donald L. Burrie, Pompano Beach, for appellees.
WALDEN, Judge.
This is a landlord tenant case with eviction being sought under the provisions of *796 F.S. 83.21, Laws of 1969, F.S.A. The trial court entered a judgment on the pleadings in manner following:
"IT IS ORDERED AND ADJUDGED the plaintiff's motion for judgment on the pleadings is partially granted to the degree that this court has found from the pleadings that the lease between the parties became null and void by the failure of the defendant to pay the rent. The court finds the defendant to be a tenant at sufferance from the date of the failure to pay said rent, and said lease is a nullity.
"The plaintiffs request for an order of immediate possession is hereby denied due to the foregoing findings."
We reverse.
The parties had a written lease agreement. Plaintiffs, the landlords, based their petition upon a failure of the defendant, tenant, to pay the December rent when due. The defendant's sworn answer reflected that he had paid and the landlords had accepted the next month's rent (January) and that he had tardily tendered the December rent in the form of a Cashier's Check which the landlords held but refused to negotiate.
We believe the content of foregoing pleadings was of such nature as to make a justiciable issue in the areas of waiver and estoppel adequate to bar a judgment on the pleadings. As a general rule a lessor is estopped to assert a forfeiture for a breach of a condition in a lease, or he waives his right to such a forfeiture, where after the breach he accepts rent from his tenant with knowledge or full notice thereof. See U.S. Properties, Inc. v. Marwin Corp., Fla.App. 1960, 123 So.2d 371, and Tropical Attractions, Inc. v. Coppinger, Fla.App. 1966, 187 So.2d 395.
The tenant's plaint that he did not receive the three days notice provided in Section 83.20(2), F.S. 1969, F.S.A., is without merit. Here the notice was not necessary because the tenant in the lease expressly waived all notice required by law. Such a lease provision takes precedence over the statute. Baker v. Clifford-Mathew Investment Co., 1930, 99 Fla. 1229, 128 So. 827, and Altiere v. Atlantic Nat. Bank of West Palm Beach, Fla.App. 1964, 168 So.2d 693.
The judgment appealed is reversed and the case remanded for proceedings consistent herewith.
Reversed and remanded.
REED and MAGER, JJ., concur.