## ROYAL AMERICAN MANAGEMENT, INC. v. PAULEY
### Case No. CO84-6150
County Court, Orange County
February 11, 1985

**APPEARANCES OF COUNSEL**

**William H. Jeter, Jr.** and **Martin B. Unger** for plaintiff.
**Eric W. Ludwig** for defendant.

### OPINION OF THE COURT

JANIS MARY HALKER, County Judge

This cause is before the Court on the Defendant's Motion to Dismiss Plaintiff's Complaint which seeks to evict her from a residential apartment she occupies pursuant to a written lease. The action is based upon Defendant's various alleged breaches of the lease and violation of provisions of the Florida Landlord-Tenant Act by improper parking and failure to maintain adequate supervision and control over her child.

On October 10, 1984 Plaintiff delivered to Defendant a Notice of Noncompliance, which is attached to the Complaint and provides:

You are hereby notified that Elizabeth Pauley is in material noncompliance with Paragraph 13e, 14, and 14a of the lease agreement between Elizabeth Pauley and Dixie Grove Apartments. Paragraph 13e states that you agree not to make or permit noises or acts that

* * *

disturb the rights or comfort of neighbors.

Paragraph 14 states, . . . the Tenant agrees to obey additional rules established after the effective date of this agreement if:

a. the rules are reasonably related to the safety, care and cleanliness of the building and the safety, comfort, and convenience of the Tenants . . . .

Ms. Pauley:

You are receiving this Notice of Noncompliance because 1) I asked you verbally on 10/8/84 to please refrain from parking your car at an angle so as to occupy more than one parking space at a time (overlapping duly designated parking spaces) and 2) I sent a request to you in writing on 10/9/84 again asking you to refrain from using more than one parking space at a time (overlapping duly designated parking spaces). Both times you have refused to comply with my requests. You also asked me to "write you up" when I attempted to reason with you on 10/9/84 regarding this matter.

Since you requested that I "write you up" I have no choice but to comply.

* * *

Demand is hereby made that you remedy the noncompliance within seven (7) days of receipt of this Notice or your lease shall be deemed terminated and you shall vacate the premises upon such termination.

You are further hereby notified that receipt of a total of three (3) or more NOTICES, whether TO PAY RENT OR VACATE PREMISES or for NONCOMPLIANCE, or any combination thereof, within any twelve (12) month period, shall be sufficient for the termination of your lease agreement.

On November 14 and 16, 1984 Defendant allegedly parked her vehicle improperly and on November 21, 1984 Plaintiff served notice of termination of the lease.

Florida Statute 83.56(2) (1983) provides:

(2) If the tenant materially fails to comply with s. 83.52 or material provisions of the rental agreement other than a failure to pay rent, or reasonable rules or regulations, the landlord may:

60

(a) If such noncompliance is of a nature that the tenant should not be given an opportunity to cure it or *if the noncompliance constitutes a subsequent or continuing noncompliance within 12 months of a written warning by the landlord of a similar violation*, deliver a written notice to the tenant specifying the noncompliance and the landlord's intent to terminate the rental agreement by reason thereof.

* * *

In such event, the landlord may terminate the rental agreement, and the tenant shall have 7 days from the date that the notice is delivered to vacate the premises.

* * *

(b) If such noncompliance is of a nature that the tenant should be given an opportunity to cure it, deliver a written notice to the tenant specifying the noncompliance, including a notice that, if the noncompliance is not corrected within 7 days from the date the written notice is delivered, the landlord shall terminate the rental agreement by reason thereof. Examples of such noncompliance include, but are not limited to, activities in contravention of the lease or this act such as having or permitting unauthorized pets, guests, or vehicles; parking in an unauthorized manner or permitting such parking; or failing to keep the premises clean and sanitary. The notice shall be adequate if it is in substantially the following form:

You are hereby notified that *(cite the non-compliance)*. Demand is hereby made that you remedy the noncompliance within 7 days of receipt of this notie or your lease shall be deemed terminated and you shall vacate the premises upon such termination. *If this same conduct or conduct of a similar nature is repeated within 12 months, your tenancy is subject to termination without your being given an opportunity to cure the noncompliance.* (Emphasis added).

Notice requirements prior to termination of a lease are entitled to strict enforcement by the Courts. *Baker v. Clifford Mathew Inv. Co.*, 128 So. 827 (Fla. 1930). With regard to the allegations of the Complaint concerning Defendant's failure to supervise her child, those portions of the Complaint should be stricken because no notice of noncompliance was given under the statute concerning this violation.

Defendant also contends the notice of noncompliance which cites the parking violation is defective because although it informs Defendant that the lease will be terminated if the violation is not corrected within 7 days, it wholly fails to notify the Defendant that a subsequent similar violation within 12 months will result in termination of the lease. In

61

fact, Defendant contends, according to the language of the notice, 3 notices of noncompliance regarding the parking violation within 12 months are required before termination because of the following language in the notice:

> You are further hereby notified that the receipt of a total of three (3) or more NOTICES, whether TO PAY RENT OR VACATE PREMISES or for NONCOMPLIANCE, or any combination thereof, within any twelve (12) month period, shall be sufficient for the termination of your lease agreement.

This provision of the notice cannot be construed as requiring, prior to termination of the lease, 3 notices within a 12 month period of the same or similar violation with 3 opportunities to cure. This is so because the provision specifically refers to different kinds of breaches, rather than the specific violation complained of in the notice. It is merely a warning that if it is necessary to notify the tenant of any lease violation with a 12 month period, then the lease will be terminated.[1]

The Court holds, however, that under Florida Statute 83.56(2) (1983) a rental agreement may not be terminated for a second or subsequent curable noncompliance occurring within twelve months of a prior similar noncompliance unless the written warning of the prior noncompliance is in substantially the form set forth in Florida Statute 83.56(2)(b). This means that the notice must contain a statement informing the tenant that a repetition of the same or similar noncompliance within 12 months may result in termination of the rental agreement without another opportunity to cure.

This conclusion is in harmony with established rules of statutory construction in that it gives meaning to all parts of the statute. *Vocelle v. Knight Brothers Paper Company*, 113 So.2d 664 (Fla. 1st DCA 1960). At first blush, the first sentence of subsection (2)(b) appears to conflict with the suggested form of notice at the end of subsection (2)(b) because it does not require any notice regarding the effect of a subsequent similar noncompliance. But if subsections 2(a) and (b) are read as a whole the legislative intent becomes clear.

Subsection (2) generally creates a remedy for the landlord when a tenant fails to comply with his statutory obligation to maintain the dwelling unit, or comply with provisions of the rental agreement, or reasonable rules and regulations. The landlord's remedy is to terminate the rental agreement under either subsection (a) or (b) depending on

---

[1] The validity of this provision is not at issue in this case and is, therefore, not determined here.

which circumstances exist. For a noncompliance that can be cured, the landlord may terminate the rental agreement under subsection (b) if the tenant fails to cure within 7 days of a written notice specifying the noncompliance and informing the tenant that the rental agreement will be terminated. If the noncompliance is repeated within 12 months of a written warning, then the landlord may terminte the rental agreement purusant to subsection (a). The suggested form of notice containing the warning about the effect of a subsequent noncompliance within 12 months therefore must have been drafted in light of the remedies created by subsection (a) as well as subsection (b). To hold otherwise would violate the rule of statutory construction against reading language in a statute (here, the last sentence of the suggested form of notice) as surplusage. *Terrinoni v. Westward Ho!*, 418 So.2d 1143 (Fla. 1st DCA 1982).

The conclusion that the legislature intended that the notice of noncompliance contain the warning set forth in the last sentence of the suggested form of notice is required for another reason. Prior to 1983, Florida Statute 83.56(2) did not provide for termination of the rental agreement for noncompliance with "reasonable rules and regulations." In 1983 this provision was added, and, subsection (a) was modified to require that the subsequent noncompliance be similar and occur within 12 months of a written warning of the prior noncompliance. At the same time, subsection (b) was amended by adding the last sentence to the suggested form of notice at issue in this case. Chapter 83-151, Section 6, Laws of Florida (1983).

The written notice of noncompliance served on the Defendant in this case does not comply with the notice required by Florida Statute 83.56(2) (1983) and the Complaint is therefore dismissed with prejudice.