# ROYAL AMERICAN MANAGEMENT, INC. v. GODFREY
## Case No. CO85-140
County Court, Orange County

June 13, 1985

## APPEARANCES OF COUNSEL

**William Jeter** for plaintiff.

**Jay Rose** for defendant.

## OPINION OF THE COURT

JAMES C. HAUSER, County Judge.

This cause came before this court on Tenant's motion to dismiss Plaintiff/Landlord's complaint on the grounds that the eviction notice given to the tenant was defective.

## *FACTS*

The landlord alleges that the tenant on November 18, 1984 disturbed and endangered the other tenants by carelessly driving his motorcycle on the apartment complex sidewalk and lawn. The landlord delivered a notice to the tenant on November 20th. On November 20th the

landlord alleged that the tenant played his stereo too loudly and that he repeated this incident on November 29th. The landlord delivered a notice to the tenant on November 30th warning that such violations could be grounds to terminate the lease.

On November 30th the landlord alleged the tenant violated the lease by verbally assaulting the tenant, a Mrs. Koller, who had complained about the excessive noise. On December 21, 1984 the landlord delivered a notice to the tenant because:

1) The November 30th violation constituted a breach which could not be cured and

2) The November 30th violation constituted three violations of the lease, within 12 months.

The tenant leases the apartment from the landlord under the Section 8 program. Under this program the federal government subsidizes the tenants rent by paying a percentage of the rent, based on tenant's income, to the landlord. Both tenant and landlord benefit from this program.

A tenant under a Section 8 program pays a lower rent than he would pay in a free market. Thus if he is evicted, he stands more to lose than if he were simply evicted from a non-subsidized apartment complex. As a result, H.U.D. has passed rules and regulations which in some instances give the tenant greater legal protection than under a normal landlord-tenant relationship. *Lopez v. Henry Phipps Plaza South Inc.*, 498 F.2d 937 (2nd Cir. 1974); *Joy v. Daniels*, 479 F.2d 1236 (4th Cir. 1973).

In the case at bar, the landlord's position is that the notices delivered to the tenant comply with both federal law and the lease and that the notices need not comply with Florida law. If in fact the court rules that the notices must comply with Florida law, the landlord asserts that the notices are in substantial compliance.

## STATEMENT OF LAW

### Issue 1

For a Section 8 tenancy, if the grounds for eviction are more restrictive under Florida law than Federal law, does the Florida law apply?

Plaintiff argues that Florida law does not apply to this instance because it would permit a tenant to commit numerous minor violations which are dissimilar in nature and not be evicted. The court cannot agree for a variety of reasons:

116

1) According to the H.U.D. handbook covering Section 8 leases, if state law is more restrictive concerning evictions than federal law, State law must apply. See Handbook 4350.3(1-3) and 4350.3(4-17).

2) Further in the lease agreement signed by both landlord and tenant, it requires a landlord to comply with not only federal law but State law as well, before an eviction is permitted.

In the case at bar the landlord argues that it is "unfair" to permit a tenant to commit numerous dissimilar violations and not be evicted. The landlord's argument should be addressed to the Florida legislature, not this court. Furthermore, in the case at bar if the landlord's allegations were proven the tenant did commit two similar violations by twice playing his stereo too loudly.[1]

## Issue 2

Does the landlord's Notice comply with the notice requirements in Florida Statute 83.56(2)(b)?

According to F.S. 83.56(2)(b) a landlord's notice is adequate if it substantially contains the following language:

You are hereby notified that (cite the noncompliance). Demand is hereby made that you remedy the noncompliance within 7 days of receipt of this notice or your lease shall be deemed terminated and you shall vacate the premises upon such termination. If this same conduct or conduct of a similar nature is repeated within 12 months, your tenancy is subject to termination without your being given an opportunity to cure the noncompliance.

The purpose of the notice is twofold:

1) Warn the tenant that, in the landlord's view he is violating the lease or rules and regulations.

2) Warn the tenant that if he commits a similar violation within a 12 month period then his lease could be terminated without his having an opportunity to cure the violations.

In the notices sent to the tenant by the landlord, the landlord's warning states:

You are further notified that receipt of a total of three (3) or more notices whether to pay rent or vacate premises, or for non-compli-

---

[1] The court does note that since no separate notice was given for the November 20th violation he could not be evicted under Fla. Stat. 83.56(2)(b) for the occurrence which took place on November 29th.

ance or for any combination thereof, within any 12 month period, shall be sufficient for the termination of your lease agreement."

On the one hand, the landlord's notice gives the tenant greater legal protection than the notice required by Florida Statute 83.56(2)(b), since he is permitted 2, not 1, minor violations before his lease may be terminated without an opportunity to cure. On the other hand, the notice does not inform the tenant that the violations must be of a similar nature.

This issue has twice been raised before Judge Janis Mary Halker. *Royal American Management, Inc. v. Pauley*, 9 Fla.Supp.2d 59 (Orange County Court 1985) and *Trivett v. Campbell*, Case No. CO85-768, Orange County Court 1985. In each instance, she ruled that a notice which failed to inform the tenant that a similar violation within 12 months would be grounds for eviction, failed to comply with the statutory notice.

The court agrees with Judge Halker's decision that the purpose of Florida Statute 83.56(2)(b) is to warn tenants that future violations of the lease will constitute grounds for eviction without the tenant having an opportunity to cure. However, the court disagrees with Judge Halker and rules that the notice in the case at bar does substantially comply with the notice requirements of F.S. 83.56(2)(b).

The tenant has argued that the notice requirements must be strictly complied with. *Baker v. Clifford Mathew*, 128 So. 827 (Fla. 1930). Although that is the standard at common law, the legislature only requires substantial compliance with F.S. 83.56(2)(b). Under this lower standard, the court rules the notice complies with the statute.

Further, the tenant is put on notice that future violations of the lease within 12 months will be grounds for eviction, without an opportunity to cure. If the future violations are not similar in nature to the first violation, then a court must deny the eviction. If the future violations are similar in nature then the tenant cannot be heard to complain since he was warned what would happen if he committed another violation.

Nevertheless, the court must still grant the tenants' motion to dismiss in the case at bar. The violations the landlord alleges the tenant committed were:

1) Driving his vehicle in excess of the speed limit;

2) playing his stereo too loudly;

3) verbally abusing the tenant who complained about his stereo being too loud.

118

None of these violations are similar in nature, and therefore no cause of action may be maintained under Florida Statute 83.56(2)(b).

The Plaintiff's complaint is dismissed with 10 days leave to amend.[2]

This court certifies as issues of great public importance.

1) Whether Florida law applies to Section 8 tenancy if Florida law is more restrictive than Federal law.

2) Is a landlord's notice defective under Florida Statute 83.56(2)(b) if it fails to inform the tenant that any future violations must be similar to the violation stated in the notice.

---

[2] In Plaintiff's memo he claims that the violation of November 30th was so serious as to constitute a violation under F.S. 83.56(2)(a). The Plaintiff's complaint seeks no relief under this statute and therefore this court has not addressed that issue.