## MULTACH v SNIPES
### Case No. M-85-14968-0
County Court, Palm Beach County

January 13, 1986

### APPEARANCES OF COUNSEL

**Steven Ellison** for plaintiff.

**Sally G. Schmidt** and **Janice Jennings** for defendant.

### OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

This case came before the Court on January 10, 1986 for a jury trial calendar call. Both sides were present through their respective attorneys. Prior to the calendar call, this case had gone through the following stages:

1. On November 20, 1985, an agent for Plaintiff (who was not an

attorney) filed a Complaint for Tenant Eviction alleging Defendant's non-payment of rent.

2. Defendant filed a Motion to Dismiss on November 27, 1985, alleging *inter alia*, that the case should be dismissed because the Complaint had been filed by a non-attorney contrary to Florida Rules of Judicial Administration 2.060(d) and (e).

3. On December 17, Plaintiff's attorney entered an appearance and filed a motion to require defendant to make deposits into the Registry of the Court pursuant to Section 83.60(2), Florida Statutes (1985).

4. On December 20, 1985, with leave of the Court, Plaintiff filed an Amended Complaint through her attorney. At that time, the Court heard sworn testimony at a hearing pursuant to Section 83.60(2). At the close of the hearing, the Court entered an Order requiring Defendant to deposit $486.00 into the Registry of the Court. Defendant complied with this Order.

5. Because Defendant requested a jury trial in her Answer to the Amended Complaint, the case was set for a January 10 calendar call on the Court's jury trial docket. At the same time she filed her Answer, Defendant filed a Motion to Dismiss the Amended Complaint for failure to state a cause of action.

6. On December 27, 1985, upon motion by Plaintiff, the Court required Defendant to make further deposits under Section 83.60(2) of $108.00 on January 3, 1986 and $54.00 on each succeeding Friday.

7. Defendant failed to make the deposit of $108.00 on January 3, 1986.

8. On January 7, 1986, Plaintiff moved for Default and Entry of Judgment of Eviction for Defendant's failure to comply with this Court's Order.

### Defendant's Motion to Dismiss

At the outset, Plaintiff concedes that the seven day notice attached to the Amended Complaint is deficient on its face. The sole theory of eviction is thus for non-payment of rent after service of a three day notice. The three day notice attached to the Amended Complaint reads as follows:

Three (3) Day Notice to Pay Rent or Deliver Possession

Belle Glade, Florida on 10/25/85

TO: Deborah Snipes

You are hereby notified that you are in default in payment of rent in

the sum of $54.00, for the rent and use of the premises Apt. 1, 556 S.W. Ave. A, Belle Glade, Palm Beach County, State of Florida, now occupied by you, and that demand is hereby made for the payment of the said rent or the possession of said premises within three days from the date of the service of this notice, pursuant to the Laws of the State of Florida.

Frances I. Cove<br>Owner or Authorized Agent

Defendant contends that this three day notice is deficient in three respects. First, it fails to indicate that the three day time limit for payment excludes Saturdays, Sundays, and legal holidays. Second, Defendant argues that the notice fails to indicate an exact expiration date within which time Defendant has to tender payment. Third, Defendant argues that the notice contains no address or phone number following the name of the authorized agent. Defendant asserts that these omissions render the notice deficient on its face and that therefore Plaintiff has failed to meet statutory prerequisites of a cause of action.

Under Part II, Chapter 83, Florida Statutes (1985), a three day notice is a statutory precondition to eviction for non-payment of rent. The statute sets forth a form which a landlord may follow to give the tenant notice of delinquency. However, the statute does not require strict adherence to this form. Rather, Section 83.56(3) introduces the form with the language that the "3-day notice shall contain a statement in *substantially* the following form . . ." (emphasis supplied.) The notice here at issue states the amount of rent owed, contains a demand for payment or possession of the premises and sets forth a three day time limit "pursuant to the Laws of the State of Florida." The failure to precisely compute the three day time limit for the tenant is not a material variation from the statutory form. Both the tenant and the landlord have equal access to the laws of the State of Florida to determine the proper method of computation of the three day period. This is not a case where the notice on its face misinformed the tenant of the length of time within which she had to pay her rent.

Defendant's reliance on *Baker v. Clifford-Mathew Inv. Co.*, 128 So. 827 (Fla. 1930) for the strict construction of this notice statute is misplaced. That portion of *Baker* which requires strict precision in a landlord's notice to vacate is a restatement of the common law rule regarding a formal demand by a landlord for payment of rent. *Id.* at 829. In *Baker*, the Court applied the common law rule because there was no applicable statute controlling the requirements of a notice to

54

quit. The predecessor statute to Section 83.56 (Section 5399, Compiled General Laws of Florida 1927) did not control the proceeding at issue in *Baker*, since the landlord had brought suit for unlawful detainer. Because Section 83.56 amounts to a modification of the common law rule, *Baker* cannot be read as construing that particular statute or its predecessor. Had the Legislature intended to require absolute or strict compliance with a given form, such language would have been included in the statute.

### Plaintiff's Motion for Default under Section 83.60(2)

Defendant objects to the application of Section 83.60(2) to default her, contending that the statute violates Article I, Section 22 of the Florida Constitution. The constitutional provision provides in pertinent part that the "right of trial by jury shall be secure to all and remain inviolate."

Section 83.60(2) does not impair Defendant's *right* to a trial by jury which is available and was honored upon appropriate demand. Rather, Section 83.60(2) conditions the right upon payment of rent into the Registry of the Court during the pendency of the proceedings. Just as a Court may enter a default for failure to plead or to comply with discovery orders, so may a statute condition a tenant's presentation of defenses on the deposit of unpaid and accruing rent into the Court registry. *See, Mahdi v. Poretsky Management, Inc.,* 433 A. 2d 1085 (D.C. Ct. App. 1981).

Plaintiff is thus entitled to a Default and Final Judgment, since Defendant's failure to comply with Section 83.60(2) constitutes an absolute waiver of her defenses other than payment. Defendant has not raised payment as a defense. Because a default admits all well pleaded allegations of the Amended Complaint, Plaintiff is entitled to a Final Judgment.

### Certification of Issue of Great Public Importance

Pursuant to Florida Rule of Appellate Procedure 9.160(d), the Court certifies the following issue raised in Defendant's Motion to Dismiss as being of great public importance:

Does Section 83.56(3), Florida Statutes (1985) require a landlord in all cases (1) to inform the tenant in a three day notice that the three day time period excludes Saturdays, Sundays, and legal holidays and (2) to compute the precise day on which the three day period expires?

One of the most common types of cases presented in County Court

55

involves evictions for non-payment of rent. In eviction actions, the failure to comply with proper notice provisions is fatal to the case of both landlords and tenants. Therefore, definitive construction of a notice provision would provide uniformity and guidance in an area where appellate decisions are sparse.

Based on the foregoing, it is

ORDERED AND ADJUDGED that Plaintiff, Esther Multach recover from Defendant, Deborah Snipes possession of the following described premises located in Palm Beach County, Florida: Room 1, 556 S.W. Avenue A, Belle Glade, Florida, for which let Writ of Possession issue forthwith. It is further

ORDERED AND ADJUDGED that the Court reserves jurisdiction hereof for the purpose of taxing costs, attorney's fees, and disposing of deposits into the Registry of the Court.