GRIMES, Acting Chief Judge..'
This is a petition for certiorari arising out of a nonresidential landlord-tenant dispute.
Pursuant to a lease agreement dated January 13, 1977, respondent (Hiett) leased to petitioners (Clarks) 638 acres of land in Manatee County. The lease provided for annual rental of $5,000 plus the payment of $1 per 400 square foot pallet of sod harvested from the leased property. In 1982 Hiett sued the Clarks seeking a declaratory judgment and rescission of the lease. The trial court ruled in favor of the Clarks. This court affirmed the judgment and issued its mandate on July 24,1984. Hiett v. Clark, 453 So.2d 50 (Fla. 2d DCA 1984).
During the course of the lawsuit, Hiett had refused to accept any payments on the lease. On July 11, 1984, the attorney for Hiett wrote to the Clarks’ attorney demanding payment of the accrued rent and a complete accounting of all sod removals. Hiett’s attorney wrote Mr. Clark a similar letter on July 26, 1984. The Clarks’ attorney advised Hiett’s attorney by telephone on August 28, 1984, that the rent money and the accounting would be forthcoming the following week. On September 5,1984, the Clarks’ attorney made a purported tender of the rent to Hiett’s attorney, but a dispute arose and the money was rejected.
In the meantime, on August 29, 1984, Hiett had filed a suit for eviction for nonpayment of rent in county court. The county court subsequently entered judgment for the Clarks because the Hietts had not served on the Clarks the three-day written notice required by section 83.20(2), Florida Statutes (1983). On appeal, the circuit court reversed on the premise that the statutory notice was not required because of the provisions of the lease. The Clarks have now filed a petition for certio-rari from that order.
The county court has jurisdiction to order the removal of tenants. § 34.011, Fla.Stat. (1983). Section 83.20(2) authorizes the removal:
(2) Where such person holds over without permission as aforesaid, after any default in the payment of rent pursuant to the agreement under which the premises are held, and 3 days’ notice in writing, requiring the payment of the rent or the possession of the premises, has been served by the person entitled to the rent on the person owing the same. The service of the notice shall be by delivery of a true copy thereof, or if the tenant be absent from his last or usual place of residence, by leaving a copy thereof at such place.
Since neither of his attorney’s letters made demand for possession of the premises and neither of them was served pursuant to the statute, Hiett has never contended that he gave the three-day statutory notice. Rather, he argues that compliance with the statutory notice was rendered unnecessary by the provisions of the lease.
The lease provided in pertinent part:
4. If any rental payment required by this Lease shall not be paid within 30 days of its due date, ... or if Lessee fails to perform or shall breach any agreement of this Lease other than the agreement of the Lessee to pay rent for 30 days after a written notice specifying the performance required shall have been given to Lessee, Lessor shall have the option to ... (c) institute action in any court of competent jurisdiction to terminate this Lease or to compel performance of the agreement....
Hiett contends that under subparagraph (c) his filing of the suit for eviction constituted termination of the lease and that the portion of paragraph 4 which requires written notice of breach of any agreement of the lease excepting the failure to pay rent constituted a waiver of the requirement to give notice under section 83.20(2).
In ruling for Hiett, the circuit court found 6701 Realty, Inc. v. Deauville Enterprises Inc., 84 So.2d 325 (Fla.1956), to *775 be controlling. In that case the supreme court held that where the lease so provided, the lessor could terminate the lease upon default by simply giving the lessee notice thereof. The court observed:
A lease may be terminated either by statutory landlord and tenant proceedings or by compliance with stipulations incorporated in the written lease by the parties themselves. In this instance the lessor followed the latter procedure and was entitled to do so.
84 So.2d at 328. In the instant case, however, the lease did not contain such a provision. Moreover, Hiett did not purport to terminate the lease by giving notice to the Clarks but rather elected to pursue the statutory landlord and tenant proceedings. 6701 Realty was a suit in circuit court, so the question of whether the lessor was required to give notice under section 83.-20(2) was irrelevant.
There is authority for the proposition that the three-day notice provided in section 83.20(2) can be expressly waived in the lease. Moskos v. Hand, 247 So.2d 795 (Fla. 4th DCA 1971). However, there is nothing in the instant lease which either expressly or impliedly waives the necessity of this notice. The requirement of paragraph 4 to give written notice of any default other than the payment of rent is to alert the lessee to the nature of his failure of performance before putting him in default. Subsection (c) simply gives the lessor the option to institute a suit to terminate the lease. This provision has nothing to do with the waiver of the statutory notice.
By having brought suit for eviction in county court, Hiett became bound by the statutory provisions applicable to that proceeding. The three-day notice under section 83.20(2) was a condition precedent to relief. Since Hiett failed to give the three-day notice, the county court properly entered judgment against him. The circuit court departed from the essential requirements of law in holding otherwise.
We grant the petition for certiorari and direct that the circuit court affirm the judgment of the county court.
SCHEB and SCHOONOVER, JJ., concur.