# LIGHT REALTY, INC. v JONES
## Case No. CL-86-3528
County Court, Manatee County
January 6, 1987

**APPEARANCES OF COUNSEL**

Teresa D. Jones, Syprett, Meshad, Resnick and Lieb, for plaintiff.
Stanley R. Swartz, Gulfcoast Legal Services, for defendant.

## OPINION OF THE COURT

GEORGE K. BROWN, JR., County Judge.

*ORDER GRANTING DEFENDANT'S MOTION TO DISMISS*

THIS MATTER having come on for hearing before this Court on December 16, 1986, on Defendant's Motions to Dismiss, and the Court having heard argument of counsel for both parties, having reviewed the pleadings and attachments thereto, and being otherwise fully advised in the premises, it is found from the evidence presented and, thereafter, concluded as a matter of law:

1. That the Plaintiff in an action to evict a tenant from real property must allege that it is the owner of that property or that it has the authority to bring such an action on behalf of the owner. That such authority to sue in behalf of the owner must be attached to or be part of the Complaint.

2. That the Plaintiff, LIGHT REALTY INC., has failed to comply with either of these two requirements and cannot rely solely on its status as property manager or leasing agent to pursue this action. The Plaintiff therefore, is without standing to sue Defendant, VERNICE JONES, in this action for eviction.

3. That the three-day Notice to pay rent or vacate, upon which the eviction complaint is predicated, must ask for the exact amount of rent due. *Baker v. Clifford-Mathew Inv. Co.*, 128 So. 827 (Fla. 1930).

4. The three-day Notice served by the Plaintiff is defective in that it alleges an amount of rent due for October 1986 that is incorrect.

5. That this action is dismissed without prejudice to the Plaintiff.

DONE AND ORDERED on this 6th day of January, 1987, at Bradenton, Manatee County, Florida.