## GIOANNETTI, etc. v KEEFE
### Case No. 87-7650-CC-4
County Court, Brevard County
February 5, 1988

### APPEARANCES OF COUNSEL

**Eric R. Jones** for plaintiffs.

**Kimberly E. Brautigam,** Central Florida Legal Services, Inc., for defendant.

### OPINION OF THE COURT

TONYA BACCUS, County Judge.

THIS CAUSE came on to be heard the 19th day of January, 1988, in Chambers at Melbourne, Brevard County, Florida, on the Defendant's Motion for Partial Summary Judgment. Having heard argument

of counsel and being fully advised in the premises, the Court is of the opinion that the Motion for Partial Summary Judgment should be granted.

This is an action for possession of a mobile home lot pursuant to Chapter 723, Florida Statutes, and for damages due to alleged nonpayment of user fees and a pass-through charge. Defendant filed a Motion for Partial Summary Judgment as to the possessory count of the Amended Complaint. The record, including Defendant's Motion, accompanying affidavits, cancelled checks, and receipts, reflect that Plaintiff served four notices on Defendant from July 28, 1986, through April 14, 1987, demanding payment of the above charges or possession of the mobile home lot. However, the record also reflects that following each notice, the Plaintiffs continued to accept lot rent from Defendant. It is undisputed that lot rent was accepted each month from Defendant through June of 1987.

It is well-settled that where a landlord accepts rent after actual knowledge of a breach, he waives his right to enforce a forfeiture because of the default. By accepting the benefits of the lease after its breach, the lessor is estopped from asserting a forfeiture based on that breach. *Tropical Attractions, Inc. v. Coppinger,* 187 So.2d 395 (Fla. 3d DCA 1966). The absence of a waiver provision in Chapter 723 is unavailing to Plaintiffs, as the tenancy in *Coppinger* was governed by Chapter 83, Part I, which also does not contain a statutory waiver.

The Court therefore finds that Plaintiffs' acceptance of rent after delivery of the termination notices constitutes a waiver of Plaintiffs' right to claim a forfeiture by virtue of the nonpayment of the user fees and pass-through charge; Plaintiffs are estopped from recovering possession of the mobile home lot. Accordingly, it is

ORDERED AND ADJUDGED that Defendant's Motion for Partial Summary Judgment as to the possessory count of the Amended Complaint is GRANTED.

DONE AND ORDERED in Chambers at Melbourne, Brevard County, Florida, this 5th day of February, 1988.