# PALM BEACH COUNTY LEASED HOUSING CORPORATION, INC. v MURRELL

## Case No. 86-2655-CC-13-D

Volusia County Court

June 14, 1988

### APPEARANCES OF COUNSEL

**Jim Dulfer** for plaintiff.

**Thomas J. Sweet** for defendant.

### OPINION OF THE COURT

DARREL CARNELL, County Judge.

### *ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

THIS CAUSE came to be heard on the Defendant's Motion for Summary Judgment pursuant to *Fla. R. Civ. P.* 1.510. It presents the question whether a landlord's acceptance of rent from the Department of Housing and Urban Development constitutes a waiver under § 83.56(5), *Fla. Stat.* (1987). The Plaintiff was properly and timely noticed for this hearing but failed to appear before this Court.

### *FACTS*

The essential facts are not in dispute. On November 21, 1986,

Plaintiff (hereinafter "landlord"), filed this action to evict the Defendant (hereinafter "tenant"), alleging material noncompliance with the lease. The tenant answered the Complaint, denied the allegations and affirmatively alleged, among other things, that the landlord continued to apply for and receive rent payments from HUD to subsidize the tenant's rental payments after serving its termination notice on the tenant. To support this allegation, the tenant submitted the affidavit of the landlord's financial bookkeeper admitting that housing assistance payments were applied for and received by the landlord on behalf of the tenant for those months after October, 1986, during which the tenant's lease was terminated, until May, 1987, the date on which the affidavit was executed.

## STATEMENT OF LAW

At common law, if a landlord accepted rent after a termination notice was served, he waived the right to evict. *Makos v. Hand,* 247 So.2d 795 (Fla. 4th DCA 1971). The waiver rule was codified in the Florida Residential Landlord and Tenant Act, § 83.40, *et. seq., Fla. Stat.,* adopted in 1973. Section 83.56(5) of the Act provides:

> If a landlord accepts rent with actual knowledge of a noncompliance by the tenant . . . the landlord . . . waives his right to terminate the rental agreement.

In the case at bar, the landlord waived its right to evict the tenant, pursuant to § 83.56(5), *Fla. Stat.,* by applying for and accepting HUD rental assistance payments for the tenant's apartment. The landlord accepted the HUD rental payment with actual knowledge of the alleged noncompliance. The landlord's termination notices concern conduct occurring on or before October, 1986, yet the Plaintiff continued to apply for and receive HUD rental payments from October, 1986, to May, 1987 (and perhaps even to date). The landlord, like any landlord leasing to an unsubsidized tenant, was obliged to refuse all rental payments for the tenant's apartment, including the HUD subsidy.

In concluding that a landlord's acceptance of any HUD payments following a notice of lease termination constitutes a waiver, this Court finds persuasive support in *Royal American Management, Inc. v. Godfrey,* 14 Fla.Supp.2d 56 (Orange County 1985), decided by Judge Hauser; *S & L Property Management v. Fluckers,* Case No: 86-3080-CC (Duval County, Florida, July 21, 1986); *Willis v. Banks,* Case No:

12

86-7601 (Duval County, Florida, February 26, 1987); and *Walton v. Holmes,* Case No: 86-1170-CC (Duval County, Florida, July 1, 1986).[1]

## CONCLUSION

This Court rules that the landlord's acceptance of HUD payments on behalf of a tenant constitutes a waiver of his right to terminate Defendant's subsidized tenancy under § 83.56(5), *Fla. Stat. There is no genuine issue as to material facts and the tenant is entitled to judgment as a matter of law under Fla. R. Civ. P.* 1.510. Therefore, this Court grants Summary Judgment to the Defendant's on Plaintiff's Complaint for Possession and the Plaintiff, Palm Beach County Leased Housing Corporation, Inc., shall take nothing by this action. The Court further reserves jurisdiction to award reasonable attorneys' fees to the Defendant's counsel.

DONE and ORDERED in Chambers at Daytona Bech, Volusia County, Florida, this 14th day of June, 1988.

---

[1] This Court notes in dicta that in several of the above-cited cases, the landlord in fact returned to HUD the payments it had received. Nevertheless, these Courts ruled that the acceptance of these payments, notwithstanding their subsequent return, constituted a waiver.