## UNIPROP MANUFACTURED HOUSING COMMUNITIES INCOME FUND, etc. v MALINOWSKI

### Case No. 90-04018 CC 53

County Court, Broward County

March 30, 1990

### APPEARANCES OF COUNSEL

**Ernest Kollra, Esquire,** for plaintiff.

**Claudene Stetzer, Esquire,** Senior Citizen Law Project, for defendants.

### OPINION OF THE COURT

WILLIAM W. HERRING, County Judge.

### *ORDER OF DISMISSAL WITH PREJUDICE*

THIS CAUSE is before the Court on the Defendants' Motion to Dismiss Plaintiff's Complaint for Tenant Eviction. After considering the arguments of counsel, the pleadings and the applicable legal authorities, the Court makes the following

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

I. *Findings of Fact*

A. Plaintiff, UNIPROP MANUFACTURED HOUSING COMMU-NITIES INCOME FUND, doing business as KINGS MANOR ESTATES, owns and operates a mobile home park in Broward County, Florida. Plaintiff rents a mobile home lot to the Defendants, EDWARD MALINOWSKI and REGINA MALINOWSKI, pursuant to an oral rental agreement. The agreement provides for rental payments at the beginning of each month.

B. On June 19, 1989, Defendants received a "NOTICE OF VIOLATION OF COMMUNITY COVENANTS" pursuant to Section 723.061, Florida Statutes, that alleged that Defendants had materially violated various park rules and needed to correct the violations within seven days.

C. On January 23, 1990, Defendants received a "TERMINATION OF TENANCY" notice pursuant to Section 723.062, Florida Statutes, that alleged Defendants had materially violated the rental agreement by feeding stray animals and that they were required to vacate the premises within 30 days, by February 22, 1990.

D. On March 3, 1990, Plaintiff accepted Defendants' lot rental for the month of March.

E. On March 6, 1990, Plaintiff filed its Complaint for Tenant Eviction for Rule Violations.

II. *Conclusions of Law*

F. Plaintiff's acceptance of Defendants' rent after knowledge of the alleged material violation of the park rules/regulations and the January 23, 1990 termination of Defendants' tenancy constitutes common-law waiver.

G. While Chapter 723 Florida Statutes provides no specific authority for waiver, the common-law principle of waiver is well-settled and applies to mobile home park tenancies. By accepting the benefits of the rental agreement after its breach, the lessor is estopped from asserting a forfeiture based on that breach. See *Gioannetti v Keefe,* 27 Fla. Supp.2d 97 (Brevard County 1988); *Tropical Attractions, Inc. v Coppinger,* 187 So.2d 395 (Fla. 3d DCA 1966); *Moskos v Hand,* 247 So.2d 795 (Fla. 4th DCA 1971).

Because of the Plaintiff's waiver of its right to claim a forfeiture it is

ORDERED AND ADJUDGED that

Defendants' Motion to Dismiss Plaintiff's Complaint for Tenant Eviction is hereby dismissed with prejudice and the Court reserves jurisdiction to award attorney's fees.

DONE AND ORDERED in Chambers in Fort Lauderdale, Broward County, Florida, this 30th day of March, 1990.