705 So.2d 113 (1998)
Nancy BELL, Petitioner,
v.
Howard A. KORNBLATT, Respondent.
No. 97-2952.
District Court of Appeal of Florida, Fourth District.
January 21, 1998.
Charles L. Simon, Fort Lauderdale, for petitioner.
No response required for respondent.
GROSS, Judge.
Petitioner, Nancy Bell, seeks certiorari review of an order entered by the circuit court sitting in its appellate capacity, which affirmed *114 a final judgment for eviction entered by the county court. This court has jurisdiction under Florida Rule of Appellate Procedure 9.030(b)(2)(A). Because there has been no "violation of a clearly established principle of law resulting in a miscarriage of justice," we deny the petition. See Combs v. State, 436 So.2d 93, 96 (Fla.1983).
We write to address one point raised by the petitioner. She argues that the eviction was predicated on a three-day notice that did not conform to section 83.56(3), Florida Statutes (1995). That statute provides that a landlord "may terminate the rental agreement" if the tenant
fails to pay rent when due and the default continues for 3 days, excluding Saturday, Sunday, and legal holidays, after delivery of written demand by the landlord for payment of the rent or possession of the premises.
Id. Petitioner contends that the landlord's failure to comply with the statutory notice requirement rendered the trial court without subject matter jurisdiction over the eviction complaint. In support of this argument, petitioner cites to a number of circuit and county court cases.[1] These cases incorrectly conclude that a proper three-day notice is essential to the subject matter jurisdiction of the county court in an eviction action.
Subject matter jurisdiction is the power of a court to adjudicate the type of case before it. See The Florida Star v. B.J.F., 530 So.2d 286, 288 (Fla.1988); Lovett v. Lovett, 93 Fla. 611, 112 So. 768, 775 (1927). Subject matter jurisdiction is conferred on a court by the state constitution and applicable statutes. See Lovett, 112 So. at 775. Article V, section 6(b) of the Florida Constitution provides that county courts shall "exercise the jurisdiction prescribed by general law." Section 34.011(2), Florida Statutes (1995), gives county courts "jurisdiction of proceedings relating to the right of possession of real property and to the forcible or unlawful detention of lands and tenements." Based on these authorities, the trial court in this case had subject matter jurisdiction over the eviction action, even assuming that the three-day notice failed to substantially comply with the requirements of section 83.56(3). See James C. Hauser, Florida Residential Landlord Tenant Manual, § 3A.1.a.(2)(a). Compliance with the statutory notice requirement is merely a condition precedent to an eviction action under part II of Chapter 83. See Baker v. Clifford-Mathew Inv. Co., 99 Fla. 1229, 128 So. 827, 830 (1930); Investment and Income Realty, Inc. v. Bentley, 480 So.2d 219, 220 (Fla. 5th DCA 1985). Failure of a plaintiff landlord to deliver any written notice under part II of Chapter 83 would not deprive the court of the power to adjudicate the case.
This court has previously held that a three-day notice under an earlier version of a landlord tenant statute, section 83.20(2), Florida Statutes (1969), may be expressly waived in a lease.[2]Moskos v. Hand, 247 So.2d 795 (Fla. 4th DCA 1971). See also *115 Clark v. Hiett, 495 So.2d 773 (Fla. 2d DCA 1986). As the circuit court observed in this case, such a holding is not reconcilable with a view that the notice is necessary to subject matter jurisdiction. See Cunningham v. Standard Guar. Ins. Co., 630 So.2d 179 (Fla. 1994) (finding that parties cannot stipulate to jurisdiction over the subject matter where none exists).
The circuit court correctly held that the county court had subject matter jurisdiction over the eviction complaint.
The petition for writ of certiorari is denied.
KLEIN, J., and PARIENTE, BARBARA J., Associate Judge, concur.
NOTES
[1] Cook v. Arrowhead Mobile Home Community, 50 Fla. Supp.2d 26, 30 (Fla.3d Cir.Ct.1991); Johnson v. Kallioinen, 16 Fla. Supp.2d 86 (Fla. 15th Cir.Ct.1986); Archer v. Jackson, 2 Fla. L. Weekly Supp. 225 (Fla. Broward Cty. Ct.1994) (holding that because three day notice was defective, the court lacked "subject matter jurisdiction to adjudicate" the eviction); Shapiro v. Puche, 1 Fla. L. Weekly Supp. 409 (Fla. Broward Cty. Ct.1993); Pearson v. Sims, 1 Fla. L. Weekly Supp. 408 (Fla. Broward Cty. Ct.1993); Pappas v. Kartub, 2 Fla. L. Weekly Supp. 59 (Fla. Broward Cty. Ct.1993); Broward Gardens Associates, Ltd. v. Walker, 1 Fla. L. Weekly Supp. 155 (Fla. Broward Cty. Ct.1992); New Citrus Park Apartments v. Jackson, 38 Fla. Supp.2d 191 (Fla. Broward Cty. Ct.1990); Marcrum Management Co. v. Phillips, 40 Fla. Supp.2d 198 (Fla. Broward Cty. Ct.1990); Garcia v. Ruiz, 50 Fla. Supp.2d 176 (Fla. Dade Cty. Ct.1991); Labrada v. Barrios, 44 Fla. Supp.2d 140 (Fla. Dade Cty. Ct.1990); Metropolitan Dade County v. Dansey, 43 Fla. Supp.2d 169, 171 (Fla. Dade Cty. Ct.1990); Kosta v. Bernstein, 4 Fla. L. Weekly Supp. 480 (Fla. Sarasota Cty. Ct.1996) (holding that because notice was defective, the court had "no subject matter jurisdiction over the Plaintiff's claim").
[2] Section 83.20(2), Florida Statutes (1995), is substantially the same as the 1969 version of the statute, which did not contain any part expressly covering residential tenancies. Section 83.47(1)(a), Florida Statutes (1995), renders a waiver under Moskos v. Hand, 247 So.2d 795 (Fla. 4th DCA 1971), inapplicable to residential tenancies, since it provides that a provision in a rental agreement is void to the extent that it "purports to waive ... the rights, remedies, or requirements set forth in this part."