869 So.2d 42 (2004)
A.Z.3, INC., a California corporation d/b/a BCBG Max Azria, Appellant,
v.
TAMPA WESTSHORE ASSOCIATES LIMITED PARTNERSHIP, a Delaware limited partnership, Appellee.
No. 2D03-4438.
District Court of Appeal of Florida, Second District.
March 3, 2004.
*43 Lance W. Shinder of Lance W. Shinder, P.A., Boca Raton, for Appellant.
J. Meredith Wester and Wendolyn S. Busch of Mechanik Nuccio Williams Hearne & Wester, P.A., Lutz, for Appellee.
DAVIS, Judge.
In this appeal arising out of a commercial lease, the tenant, A.Z.3, d/b/a BCBG Max Azria, appeals the partial summary judgment determining that the landlord, Tampa Westshore Associates Limited Partnership (TWA) was entitled to immediate possession of the leased premises at issue located in the International Plaza Mall. We conclude that the trial court erred in entering summary judgment and reverse for further proceedings.
In August 2000, A.Z.3 entered into a ten-year lease with TWA to lease rental space from TWA in various shopping centers across the country, including the International Plaza Mall. The lease required A.Z.3 to make its rent payments on or before the first day of every month. When the March 2003 lease payment was not timely made, TWA sent A.Z.3 a notice by certified mail demanding payment of the $25,034.69 due or delivery of possession within three days of the date of delivery of the notice. This notice was sent pursuant to section 83.20(2), Florida Statutes (2000), the statutory three-day notice provision, which allows a landlord to terminate the lease and remove a tenant from the premises after a default in payment where the landlord has served a written notice on the tenant giving the tenant three days to either pay the rent or submit possession of the premises. Within the three-day period, A.Z.3 paid TWA, TWA accepted the payment, and A.Z.3 remained in possession.
Likewise, when the April 1, 2003, lease payment was not timely made, TWA sent A.Z.3 by certified mail a notice informing A.Z.3 that the April 1, 2003, rent of $32,408.41 was past due and demanding possession within three days from the date of delivery of the notice. Unlike the March notice, however, the April notice did not include the option of payment of rent within *44 three days of receipt of the notice, rendering it insufficient as a three-day notice under section 83.20(2). A.Z.3 tendered payment within three days but TWA refused to accept the payment.
TWA then filed an action seeking: (1) possession of the premises; (2) termination of the lease; and (3) breach of lease damages. A.Z.3 answered, raising affirmative defenses, and filed a counterclaim for declaratory relief. TWA then filed a subsequent emergency motion for summary proceeding for possession and sought summary judgment on the remainder of its claims and on the counterclaim. A.Z.3 opposed TWA's motion and cross-filed for summary judgment.
On September 2, 2003, the trial court denied A.Z.3's cross-motion for summary judgment and granted TWA's motion for partial summary judgment on the possession count, finding that (1) the failure of the April notice to adhere to the requirements of Florida's statutory three-day notice provision under section 83.20(2) did not preclude TWA from retaking possession because the lease had unambiguously waived that three-day notice provision; and (2) TWA did not waive its right to enforce the lease and retake possession without notice when it accepted a late lease payment in March. A.Z.3 challenges both determinations.
First, we disagree with the trial court's finding that the lease unambiguously waived the three-day statutory notice. To the contrary, we believe that the lease provision regarding waiver of the three-day statutory notice created a genuine issue of material fact and that the issue was not properly decided by summary judgment.
Under Florida law, any waiver of the three-day statutory notice must be expressly stated. Clark v. Hiett, 495 So.2d 773 (Fla. 2d DCA 1986). While there is language in the lease suggesting an express waiver, the parties' act of striking through other language in the same section of the lease would appear to negate the existence of any such waiver. The language upon which the trial court relied to find an unambiguous or express waiver of the statutory three-day notice is contained in section 19.01 of the lease. It provides that the landlord may "without notice, re-enter the leased premises and dispossess [the tenant], by summary proceedings." However, that section also contains the following language that the parties clearly intended to delete by striking through it during the course of prelease negotiations: "Tenant hereby waives the service of notice of intention to re-enter or to institute legal proceedings to that end."
The first quoted phrase above appears to support the trial court's finding that the lease specifically allowed the landlord to terminate the lease and re-enter without giving the tenant notice of same. However, the parties' act of striking through the last sentence appears to directly contradict that premise. Because the trial court had before it the struck-through copy, not a "clean copy," the inconsistency or ambiguity contained in the lease regarding the requirement of notice was apparent. In view of this contradictory language, the parties' intent as to the need for TWA to give the statutory three-day notice was certainly not expressly stated, as is required by Clark, 495 So.2d 773. Given this ambiguity, we conclude that the trial court erred in finding that there was no genuine issue of material fact. Accordingly, the trial court erred in entering summary judgment on this issue. See Holl v. Talcott, 191 So.2d 40 (Fla.1966).
We decline to address the second issue, which is whether TWA waived its rights to seek eviction by accepting a late payment *45 in March. The determination of that issue is dependent on the fact finder's ultimate determination of the first issue, whether the lease expressly and unambiguously waived the three-day notice provision, resulting in a valid eviction under section 83.20(2). It is only in the event that the eviction is considered valid under the statute that A.Z.3 will wish to raise the affirmative defense that TWA waived the right to pursue eviction by accepting a late payment. Given our inability to determine the validity of the eviction at this point due to the ambiguity of the three-day notice provision, we are likewise unable to make a determination as to A.Z.3's affirmative defense of waiver at this time.
Reversed and remanded.
SILBERMAN and WALLACE, JJ., Concur.